[No. 13147.   Department One. — July 30, 1890.]

## KERCKHOFF-CUZNER MILL AND LUMBER COMPANY, RESPONDENT, *v.* S. OLMSTEAD ET AL., APPELLANTS.

MECHANIC'S LIEN — CESSATION OF WORK UPON UNFINISHED BUILDING — TIME OF FILING CLAIM — CONSTRUCTION OF CODE. — Under the amendment of 1887 to section 1187 of the Code of Civil Procedure, providing that cessation from labor for thirty days upon an unfinished contract for any building, etc., shall be deemed equivalent to a completion thereof, for all purposes, whenever there has been a cessation from labor for thirty

days upon any unfinished building, the time within which a material-man or laborer must file his claim of lien begins to run at once, and unless the claim is filed within thirty days thereafter, it is too late, although it be filed within thirty days from the actual completion of the building. (WORKS, J., and THORNTON, J., dissenting.)

ID. — MATERIALS FURNISHED BEFORE AMENDMENT — RETROACTIVE STATUTE — CONSTITUTIONAL LAW — VESTED RIGHTS — SHORTENING TIME FOR REMEDY. — The fact that some of the materials were furnished before the passage of that amendment does not render the amendment inapplicable. A statute which shortens the time within which to file a mechanic's lien applies to pending cases of uncompleted buildings, and is not retroactive when so applied, nor does it impair any vested right, provided an adequate and available remedy be left to enforce the lien within a reasonably sufficient time.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Williams & McKinley,* for Appellants.

*Graves, O'Melveny & Shankland,* for Respondent.

BELCHER, C. C. — Action to foreclose the lien of a material-man.

The facts of the case, as shown by the findings, are in substance as follows: —

The defendant, Olmstead, owned a lot of land in the city of Los Angeles, and on the sixteenth day of November, 1886, entered into a contract in writing with the defendants, H. N. and D. F. Sheldon, whereby they agreed to construct for him on his said lot a two-story frame dwelling-house under the supervision and to the satisfaction of John C. Pelton, an architect. The contract price was three thousand six hundred dollars, and was made payable as follows: Twelve hundred dollars when the frame was up, the building inclosed, and the roof shingled; twelve hundred dollars when brown mortar was on, windows glazed, and outside finish complete; and the balance when the whole work was certified to have been completed accord-

ing to the said plans, specifications, conditions, and stipulations to the satisfaction of the said architect. The contract was filed for record in the recorder's office of the county on the third day of January, 1887, but no specifications were filed therewith.

On or about the twentieth day of November, 1886, the contractors entered into an agreement with the plaintiff, a corporation, by which it was to furnish lumber and other building material to be used in the construction of the said house, from time to time, as required, such material to be paid for at the current market rates as the same was delivered. In pursuance of this agreement, the plaintiff, between the 20th of November, 1886, and the 6th of April, 1887, furnished building material for the construction of the said house, and which was actually used in the construction thereof between the dates named, of the value of $763.60, no part of which sum has been paid.

On the ninth day of April, 1887, the contractors quit work upon the building and refused to finish it, and no work or labor was done thereon for more than thirty days thereafter. The plaintiff had notice of this cessation of labor upon the building for thirty days at the time thereof.

On or about the twenty-third day of November, 1887, the building was finished, and it was then accepted by Olmstead, and thereafter occupied by him.

On the twentieth day of December, 1887, the plaintiff duly filed its claim of lien for the value of the materials furnished, and this action was commenced within ninety days from that date.

Upon the facts found, the court rendered a personal judgment against the defendants, Sheldon, for the amount found due the plaintiff, with costs and attorney's fee, and decreed that plaintiff had a lien for these sums upon the lot of defendant, Olmstead, and that the premises should be sold in payment thereof.

Olmstead appealed from the judgment against him, and has brought the case here on the judgment roll.

In support of the appeal, it is claimed, among other things, that the plaintiff's claim of lien was not filed in time, and therefore that it cannot be enforced. This claim is based upon the amendment to section 1187 of the Code of Civil Procedure, which was passed March 15, 1887, and was made to take effect immediately.

By this section as it stood before the amendment, it was provided that " every person, save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement, or structure," file for record with the county recorder a claim containing a statement of his demand, etc. And it was held if the claim of a material-man, who was not an original contractor, was filed before the completion of the building, that the filing was premature, and the lien could not be enforced. (*Perry* v. *Brainard*, 8 Pac. Rep. 430; *Roylance* v. *San Luis Hotel Co.*, 74 Cal. 273; *Schwartz* v. *Knight*, 74 Cal. 432.)

The amendment consisted of additions to the section, which read as follows: "Any trivial imperfection in the said work, or in the construction of any building, improvement, or structure, or of the alteration, addition to, or repair thereof, shall not be deemed such a lack of completion as to prevent the filing of any lien; and in case of contracts, the occupation or use of the building, improvement, or structure by the owner or his representative, or the acceptance by said owner or his agent of said building, improvement, or structure, shall be deemed conclusive evidence of completion; and cessation from labor for thirty days upon any unfinished contract, or upon any unfinished building, improvement, or structure, or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof for all the purposes of this chapter."

It is argued for respondent that it was intended by

the amendment only to make it possible for a material-man or laborer to file his claim of lien before the actual completion of the building, and not to make it necessary for him to do so. But as we construe the last clause of the amendment, its operation cannot thus be restricted. The words "shall be deemed equivalent to a completion" mean shall be equal in legal effect to a completion; that is, shall be treated, for the purpose of filing a lien, as an actual completion. And this being so, it is clear that whenever there has been a cessation from labor for thirty days upon any unfinished building, the time within which a material-man or laborer must file his claim of lien at once begins to run.

It is also argued that the amendment cannot apply to or affect the respondent's claim, for the reason that as a portion of the materials were furnished before the amendment was passed, to hold it applicable would be giving it a retroactive effect, and that this is forbidden by the code, which says: "No part of it is retroactive, unless expressly so declared." (Code Civ. Proc., sec. 3.)

We do not think that the amendment, when applied to the case in hand, is retroactive in effect. It is true, it shortened the time which the respondent would otherwise have had to file its claim and thus seek its remedy. But the authorities are numerous to the effect that a change of remedy, or in the time within which it must be sought, does not impair the obligation of a contract, provided an adequate and available remedy be left. Thus it has been held that an enactment reducing the time prescribed by the statute of limitations in force when the right of action accrued is not unconstitutional, provided a reasonable time be given for the commencement of an action before the bar takes effect. (*Terry* v. *Anderson*, 95 U. S. 628.) In that case the court, by Waite, C. J., said: "The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unre-

stricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain." (And see *Scarborough* v. *Dugan*, 10 Cal. 305; *Hibernia S. & L. Soc.* v. *Hayes*, 56 Cal. 297; *People* v. *Campbell*, 59 Cal. 243.)

When the amendment in question was passed, the materials had not all been furnished, and work on the building had not been suspended. Afterward, when the work was suspended, the respondent had notice of it; and when the suspension had continued for thirty days, it still had thirty days within which to file its claim. This seems to us to have been a reasonably sufficient time, and if so, it follows that the claim was filed too late.

In our opinion the court erred in entering a judgment of foreclosure against the defendant, Olmstead, and we therefore advise that the judgment appealed from be reversed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment appealed from is reversed.

WORKS, J., dissenting. — I dissent. The amendment of section 1187 of the Code of Civil Procedure was evidently intended for the benefit of the material-man, and extended the time within which he may file his notice of lien when work has been suspended for thirty days. As the section now stands, he is not bound to wait until the building is completed before filing his notice. But in my judgment, he may do so. The statute should not be so construed as to compel the owner to submit to a forced sale of an uncompleted building because a faith-

less contractor has failed to comply with his contract and left the building unfinished. I think, therefore, that it is not enough to show that the contractor has failed to carry out his contract, but that it must be shown that the *owner*, who alone is affected by the filing of the lien, has himself abandoned the work on the building. If he has not abandoned the completion of the building, but is only delayed in its completion by no act of his own, but by the failure of the contractor to comply with his contract, he should not, for that reason, be subjected to the filing and enforcement of the lien until the building has been completed. This construction of the statute seems to me to be the only reasonable and just one. The construction given the section referred to in the foregoing opinion overlooks the true intent and meaning of the statute and the real parties to be affected by the enforcement of its provisions, looks only to the strict letter of the statute, and must necessarily work injustice.

THORNTON, J.— I concur with Justice Works in his dissenting opinion. It presents the just and proper construction of the statute.

Hearing in Bank denied.