[Civ. No. 57654. Second Dist., Div. Three. Aug. 27, 1980.]

GEORGE P. LIPTAK et al., Plaintiffs and Appellants, v.
DIANE APARTMENTS, INC., et al., Defendants and Respondents.

COUNSEL

Christensen, Fazio, McDonnell, Briggs, Ward & Holland, Burton H. Ward and Jonathan A. Goldstein for Plaintiffs and Appellants.

Russell, Schureman & Hancock, Robert W. Hancock, Chase, Rotchford, Drukker & Bogust, Vincent Fish and Scott D. Miller for Defendants and Respondents.

OPINION

GALE, J.*—The home of appellants George P. Liptak and Virginia M. Liptak was damaged by earth movements. Appellants brought suit to recover for such damages and among the defendants sued appellants named P. R. C. Toups Engineering, Inc. (Toups) and Donald R. Warren Company (Warren), each of whom were involved in the grading and filling of the slope that moved and caused the damage. Toups and Warren demurred to the complaint on the ground that it was barred on its face by the statute of limitations, Code of Civil Procedure, section 337.15.[1] The demurrers were sustained and judgments of dismissal were entered as to both Toups and Warren. Appellants appeal from the judgment of dismissal.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Code of Civil Procedure section 337.15 provides in pertinent part: "(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of such development or improvement for any of the following:

"(1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2) Injury to property, real or personal, arising out of any such latent deficiency.

"(b) As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.

"(c) As used in this section, 'action' includes an action for indemnity brought against a person arising out of his performance or furnishing of services or materials referred to in this section, except that a cross-complaint for indemnity may be filed pursuant to Section 442 in an action which has been brought within the time period set forth in subdivision (a) of this section."

## FACTS

In 1966 Puente Knolls Development Company undertook the development of tract 27920. Toups and Warren were each involved in the grading, filling, and maintaining of the slopes of the tract. Such work was completed during 1967; however, substantial completion of the homes and housing tract did not take place until June 1972.

Appellants purchased a home in tract 27874 which was located below tract 27920. Warren was also involved in the grading and maintaining of the slopes in tract 27874. About March 4, 1978, rains caused significant earth movement in the slopes of tract 27920, which was to the rear of appellants' home. Appellants' home was damaged thereby in the sum of $200,000.

Appellants filed a complaint against the developers of both tracts to recover their damage and included as defendants Warren, Toups, and others. Warren filed a demurrer to the complaint and appellants filed a first amended complaint setting forth 27 causes of action.

The fourth cause of action alleged that Puente Knolls Development Company, themselves or through their subcontractors Warren and Toups, filled and maintained the slope of tract 27920 behind, and adjacent to appellants' property to protect the homes eventually to be built below the slope from earth movement; that the slope was not properly graded, filled and maintained. Appellants set forth in their fifth cause of action that Warren and Toups filled and maintained the slope of tract 27920, and provided for drainage in a negligent manner. The seventh cause of action referred to tract 27920 and alleged that Warren performed the soil tests during the grading and filling operations and prepared the final report and certification and did so negligently and carelessly. The 17th cause of action alleged that Warren filled and maintained the slopes of tract 27874 in a negligent and careless manner. The 19th cause of action alleges Warren negligently and carelessly performed soil tests during grading operations upon and adjacent to and surrounding tract 27874.

Toups demurred to the fourth and fifth causes of action on the grounds that they were barred by section 337.15 of the Code of Civil Procedure.[2] Warren demurred to the fifth and seventh causes of action

---

[2] All statutory references hereinafter refer to Code of Civil Procedure unless otherwise indicated.

of the first amended complaint on the grounds that they were barred by section 337.15 and to the seventeenth and nineteenth cause of action on the ground that they were uncertain in that the date of substantial completion of the development of the property described therein could not be ascertained from the allegations.

The demurrers of Toups and Warren came on to be heard and were submitted. The court sustained the demurrers without leave to amend. Judgment of dismissal as to Warren was thereafter entered reciting that the fifth, seventh, seventeenth and nineteenth causes of action were barred by the "Statute of Limitations,"[3] namely, section 337.15. Judgment of dismissal as to Toups was entered reciting that the first amended complaint insofar as it pertained to Toups "is barred by the applicable Statute of Limitations, Code of Civil Procedure Section 337.15." Appellants appeal from the judgment of dismissal.

## CONTENTIONS

Appellants contend that the 10-year period prescribed by section 337.15 does not commence until the particular tract home involved is completed, so that there is but one date for the commencement of the statute of limitations relating to real property purchased by the consumer. Toups and Warren contend that the period prescribed by section 337.15 commenced as to a particular subcontractor at the time the subcontractor substantially completed the particular improvement involved.

Appellants further contend that as section 337.15 was not enacted until 1972, it would be unconstitutional to give the section retroactive effect and apply it against appellants under the specific facts of the matter at bench. Appellants also urge that the demurrer for uncertainty to the 17th and 19th causes of action against Warren was improperly sustained as the facts therein were sufficient and not uncertain.

## SUMMARY

The 10-year period provided by section 337.15 commences to run in respect to a person contributing to an improvement on real property at the time the improvement is substantially completed. Section 337.15

---

[3]In respect to Warren, it was stipulated that the fifth, seventh, seventeenth and nineteenth causes of action were the only causes of action that related to him. Based on such stipulation, the complaint was dismissed as to Warren upon the sustaining of the demurrers to such causes of action.

was constitutional in its application to appellants as there was a reasonable time after the section's enactment for appellants to avail themselves of their remedy. The demurrers were properly sustained as to each of the causes of action, excepting the 17th and 19th causes of action.

1. *Code of Civil Procedure sections 338, subdivision 2, and 337.15 are mutually exclusive and an action must be filed within the shorter of the two periods.*

Prior to the enactment of section 337.15, damage resulting from slippage caused by improper cutting, filling, and compaction was subject to either the three-year limitation of section 338, subdivision 2, or the four-year limitation of section 337, depending upon whether the action was predicated on negligence or breach of warranty. However, the three- or four-year period, as the case may be, did not commence to run until the consequential damage caused by the subsidence or lateral movement was sufficiently appreciable to a reasonable man that he had a duty to expeditiously pursue his remedies. (*Oakes v. McCarthy Co.* (1968) 267 Cal.App.2d 231, 255 [73 Cal.Rptr. 121]; *Avner v. Longridge Estates* (1969) 272 Cal.App.2d 607, 616-617 [77 Cal.Rptr. 633].) The time when consequential damages reaches such a point is a question of fact. (*Schaefer v. Berinstein* (1960) 180 Cal.App.2d 107, 129 [4 Cal.Rptr. 236] disapproved on other grounds in *Jefferson v. J. E. French Co.* (1960) 54 Cal.2d 717, 719-720 [7 Cal.Rptr. 899, 355 P.2d 643]; *Oakes v. McCarthy Co., supra*, at p. 255.) ▮ Section 337.15 imposes an absolute requirement that a suit arising from such damage be brought against the developer, or other persons named in the statute, within 10 years of the date of "substantial completion of such development or improvement."

Section 338, subdivision 2, limits the bringing of the present action to three years after discovery of the defect, and section 337.15 read together with section 338, subdivision 2, limits the total time available for bringing the action to ten years. Thus, the sections are mutually exclusive and the action must be filed within the shorter of the two periods. (*Regents of University of California v. Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 640-641 [147 Cal.Rptr. 486, 581 P.2d 197].)

In the matter at bench, question does not arise as to a bar by section 338, subdivision 2, as the filing of the action was within three years of

the discovery of the defect. The question is directed solely to the bar, if any, of section 337.15 and the effective date of commencement of the 10-year period prescribed therein.

2. ■ *The 10-year proscription of section 337.15 commences to run, in respect to a party making an improvement, at the time the improvement is substantially completed.*

■ In determining the interpretation to be given a statute, the presumption exists that every word, phrase and provision employed in the statute is intended to have meaning. (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5].) ■ In attempting to ascertain legislative intent from the language of section 337.15, effect should be given, whenever possible, to the section as a whole and to every word phrase or clause thereof; leaving no part or provision useless or deprived of meaning. (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723]; *Weber* v. *County of Santa Barbara* (1940) 15 Cal. 2d 82, 86 [98 P.2d 492].)

Such "[w]ords and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, . . . are to be construed according to such peculiar and appropriate meaning or definition." (Civ. Code, § 13.)

Section 337.15 extends protection to two separate categories of people: (1) any "person who develops real property," (2) or any person "who . . . performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of *an improvement* to real property. . . . " (Italics added.)

■ The words develop and development as they pertain to real property were defined in *People* v. *Embassy Realty Associates* (1946) 73 Cal.App.2d 901, 905 [167 P.2d 797], where the court in referring to Websters' New International Dictionary (2d ed.), stated: "The same work defines *develop*: 'To convert from a tract of raw land into an area suitable for residential or business uses.' Development: 'A developed tract of land.'"

The word improvement, in respect to real property, has been described in various manners depending on the context in which it was

used. Government Code section 66419, subdivision (a)[4] defines the word improvement in respect to subdivision maps and sets forth "'Improvement' refers to such street work and utilities to be installed, or agreed to be installed, by the subdivider...and drainage needs...." Civil Code section 3106[5] refers to "work of improvement" upon real property and sets forth "the filling, leveling, or grading of any lot or tract of land" as a "work of improvement." Websters' New Twentieth Century Dictionary (unabridged 2d ed.), defines improvement as "a change or addition to land, property, etc., to make it more valuable, such as a house, fence, garage, etc." ■ As used in section 337.15 "an improvement" is in the singular and refers separately to each of the individual changes or additions to real property that qualifies as an "improvement" irrespective of whether the change or addition is grading and filling, putting in curbs and streets, laying storm drains or of other nature.

A developer has the overall control over the development of a "tract of raw land" and the myriad of improvements to the land which eventually complete the development. A person contributing to "an improvement" carries out only one of many steps towards completion of the development.

■ Section 337.15 provides that the starting date for the 10-year period commences upon "substantial completion of such development or improvement." In the context in which it is used "such development" relates to the development undertaken by any "person who develops" real property. In respect to a developer, it is clear that the 10-year period does not commence until substantial completion of the development.

---

[4]Government Code section 66419, subdivision (a) provides: "(a) 'Improvement' refers to such street work and utilities to be installed, or agreed to be installed, by the subdivider on the land to be used for public or private streets, highways, ways, and easements, as are necessary for the general use of the lot owners in the subdivision and local neighborhood traffic and drainage needs as a condition precedent to the approval and acceptance of the final map thereof."

[5]Civil Code section 3106 enumerates some of the items that constitute "work of improvement." The section then provides: "Except as otherwise provided in this title, 'work of improvement' means the entire structure or scheme of improvement as a whole." This latter provision has been held to provide for a mechanics lien against the entire scheme of improvement, if the services are bestowed upon the structure or land in any phase of the "scheme of improvement as a whole." (*Nolte* v. *Smith* (1961) 189 Cal.App.2d 140, 147 [11 Cal.Rptr. 261, 87 A.L.R.3d 996].)

In respect to a person, other than a developer, who improves real property, a question arises as to whether the function of the conjunctive "or" used between "development" and "improvement" marks an alternative in respect to the commencement of the period, i.e., if the improvement is part of development of a tract of land, does the period commence to run at the time of the completion of the development? Whereas, on the other hand, if the improvement is not part of the development of a tract of land, does the period commence to run at the time of the completion of the improvement? Considering the context in which the word "or" is used, and the remaining provisions of the section, it does not mark such an alternative.

The use of the word "or" is not a coordinating conjunctive linking "development" with "improvement"; in the context in which it is used, it connects "improvement" with "such" thus relating "improvement" to "an improvement" in the same manner as "such" relates and identifies "development" to and with "any person . . . who develops real property." Giving effect to the entire section and every word, phrase and clause therein, in the context in which they are used, the section has the same construction and effect as though it had been written "10 years after the substantial completion of such development or [such] improvement." The 10-year period commences to run in respect to a person who has contributed towards "an improvement" when such improvement has been substantially completed irrespective of whether or not the improvement is part of a development.

Section 337.15 is not ambiguous and therefore extraneous aid need not be resorted to for interpretation; however, application of such aid leads to the same result. It is often stated that where the language of a statute is susceptible to two constructions, the one that leads to the more reasonable result is to be followed. (*Clements* v. *T. R. Bechtel Co., supra,* 43 Cal.2d at p. 233; *Metropolitan Water Dist.* v. *Adams* (1948) 32 Cal.2d 620, 630-631 [197 P.2d 543]; *In re Haines* (1925) 195 Cal. 605, 613 [234 P. 883].)

In the matter at bench if we were to hold that the 10-year period provided for in section 337.15 commenced to run at the time the development was substantially completed, the period of respondents' liability would extend for 15 years beyond the time their work on the improvement had actually been completed. By adopting such a construction, the period could be extended even longer, depending upon the activities of the developer. However, if the same work had been performed for one

other than a developer, the period would begin to run upon substantial completion of the work. In *Regents of University of California* v. *Hartford Acc. & Indem. Co., supra,* 21 Cal.3d 624, 633, footnote 2, the court indicated that section 337.15 was for the benefit of the contractor, in stating: "A contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise...."

The construction which appellants wish placed upon section 337.15 could result in extending a contractor's liability for an indefinite period, long beyond the 10-year period anticipated by the section, and create a double standard for determining when the 10-year period was to commence. Such a construction would not constitute the required reasonable and common sense construction in accordance with the apparent purpose of the Legislature. (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].)

3. *Code of Civil Procedure section 337.15 is properly applied retroactively.*

A party does not have a vested right in the time for the commencement of an action. (*Mill and Lumber Co.* v. *Olmstead* (1890) 85 Cal. 80, 84-85 [24 P. 648].) Nor does he have a vested right in the running of the statute of limitations prior to its expiration. (*Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 468 [183 P.2d 10]; *Weldon* v. *Rogers* (1907) 151 Cal. 432, 434 [90 P. 1062].) A change in the statute of limitations merely effects a change in procedure[6] and the Legislature may shorten the period, however, a reasonable time must be permitted for a party affected to avail himself of the remedy before the statute takes effect. (*Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 122 [47 P.2d 716]; *Davis & McMillan* v. *Industrial Acc. Com.* (1926) 198 Cal. 631, 637 [246 P. 1046, 46 A.L.R. 1095]; *Mill and Lumber Co.* v. *Olmstead, supra,* 85 Cal. at p. 84.)

The bar of section 337.15 was not applied in *Eden* v. *Van Tine* (1978) 83 Cal.App.3d 879, 886-888 [148 Cal.Rptr. 215], where the

---

[6]*Balido* v. *Improved Machinery, Inc.* (1972) 29 Cal.App.3d 633, 642 [105 Cal.Rptr. 890], considered section 337.15 as a substantive statute of limitations and was held to be in error in such respect by *Regents of University of California* v. *Hartford Acc. & Indem. Co., supra,* 21 Cal.3d at page 641.

date of substantial completion was February 5, 1963, and the latent defect was not discovered until December 1, 1972, which was two months and five days before section 337.15 would have barred the action. The complaint was filed May 11, 1973. In considering the time of the filing of the complaint, the court held that section 337.15 reduced plaintiffs' period to file their cause of action to a reasonable time after the discovery of the latent defect and concluded that the complaint had been filed within a reasonable time. In *Rosefield Packing Co. v. Superior Court, supra*, 4 Cal.2d at pages 122-123, the court stated: "If the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party. [Citation.]" The court continued by stating that what was a reasonable time was "not a matter committed to the discretion of the trial court. The question is one of constitutionality of the statute [and that the trial court] cannot consider individual hardship or other circumstances, but must give effect to the express provisions of the law." (*Id.*, at p. 124.)

In the matter at bench, since substantial completion of the improvement involved in tract 27920 occurred in 1967, the ten-year proscription of section 337.15 would have expired in 1977, which was more than five years after the enactment of section 337.15. The intervening five-year period between the enactment of section 337.15 and the date when it would bar appellants' remedy was a reasonable time to permit appellants to avail themselves of their remedy. Section 337.15 may be applied constitutionally to appellants.

4. *The fourth, fifth and seventh causes of action of the first amended complaint were barred by the provisions of Code of Civil Procedure section 337.15.*

██ The fourth, fifth, and seventh causes of action concern the grading, filling, and maintaining of the slope in tract 27920 and thereafter set forth: "All of such work was performed in 1967." The action at bench was filed November 15, 1978. The alleged defect involved the grading, filling, and maintaining of the slope which was completed more than 10 years prior to the filing of the complaint. Each of the causes of action showed on their faces that they were barred by the provisions of Code of Civil Procedure section 337.15. The trial court

properly sustained demurrers in respect to the fourth, fifth, and seventh causes of action without leave to amend.

5. ▮ *The demurrers were not properly sustained to the 17th and 19th causes of action.*

Warren demurred to both the 17th and 19th causes of action on the grounds that the "purported cause of action of said complaint is uncertain in that the date of substantial completion of the development of said property cannot be ascertained from the allegations thereof." The trial court sustained the demurrers to the 17th and 19th causes of action, without leave to amend, on the ground that they were barred by the statute of limitations.

The 17th and 19th causes of action of the first amended complaint are directed towards tract 27874. They each allege that Warren and others did "grade, fill and maintain the slope adjacent, behind and above the land upon which these homes were built. . . . All of such work was performed in 1968-1969." In respect to the same subject matter, the initial complaint alleged "In or about 1968, the grading of the slope and construction of these homes was [*sic*] completed."

The complaint was filed on November 15, 1978. ▮ As a general rule, a party will not be allowed to amend a pleading to contradict an admission made in his original pleading or make a contention based upon a statement of fact contrary to the admission or allegation of his own pleading. (*Rhode v. Bartholomew* (1949) 94 Cal.App.2d 272, 278-279 [210 P.2d 768]; *Bloss v. Rahilly* (1940) 16 Cal.2d 70, 77 [104 P.2d 1049].) However, even if we confine our consideration to the date of 1978, the pleading by its broad time span includes a completion on or after November 15, 1978. ▮ Therefore, we cannot say that the causes of action are barred on their faces by the provisions of section 337.15.

The broad allegation of time may be the product of imaginative pleading, however, it creates a factual situation in respect to whether or not the action is barred by the provisions of section 337.15 that must be resolved by the court or jury. (*Eden v. Van Tine, supra*, 83 Cal.App.3d at p. 889.)

The judgment dismissing the complaint as to Warren in respect to the 17th and 19th causes of action is reversed. The dismissal of the

fourth, fifth, and seventh causes of action as to Toups and Warren is affirmed.

Klein, P. J., and Potter, J., concurred.