[No. B112956. Second Dist., Div. Six. Jan. 28, 1998.]

LEIGHTON NELSON et al., Plaintiffs and Appellants, v.
GORIAN & ASSOCIATES, INC., et al., Defendants and Respondents.

## COUNSEL

Green & Krupp, Alvin B. Green, Gerald Krupp and Craig R. Smith for Plaintiffs and Appellants.

Richard C. Gilman, Lawler, Bonham & Walsh, Henry J. Walsh, Coleman & Wright, Patricia E. Wright, Matthew J. Luce, Cho & Brown, Howard Cho and Gwen E. Jones for Defendants and Respondents.

## OPINION

**YEGAN, J.**—Leighton Nelson and Lynn Nelson appeal from a judgment entered after the trial court ruled that their complaint for soil subsidence damages was barred by the 10-year statute of limitations. (Code Civ. Proc., § 337.15.)[1] We affirm. The action was filed more than 10 years after the work of improvement, i.e., a specific graded lot, was substantially completed. (§ 337.15, subds. (a), (g).)

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

*Facts*

Appellants, Leighton Nelson and Lynn Nelson, own a residence at 415 Vista Del Campo, Camarillo. The legal description of the property is "Lot 21 of Tract 3893."

Appellants purchased the lot in 1988 from United Citrus Development Company (United). It was part of a "lots only" development in which United graded and sold the lot to appellants for construction of a single-family residence. Three years before the sale, United hired a civil engineer, Gannfors & Associates, Inc. (Gannfors), a soils engineer, Gorian & Associates, Inc. (Gorian), and a grading subcontractor, D.W. Burhoe Construction, Inc. (Burhoe), to design and grade the lot.

On April 5, 1996, appellants filed suit against respondents United, Gannfors, Gorian, and Burhoe, for subsidence damages. Respondents claimed that the action was time-barred by section 337.15. The trial court bifurcated the trial and heard the statute of limitations issue first.

The evidence showed that United hired Burhoe, Gorian, and Gannfors in 1985 to design, survey, and grade the lots. Gannfors prepared the subdivision plan and completed most of the engineering work before the grading. Burhoe graded the lots between September 18, 1985, and December 23, 1985. Gorian observed the grading and performed soils tests. After 1985, no additional work was done on lot 21. Gorian filed a final report and soils engineer certificate on February 27, 1986. Gannfors signed the certificate on April 30, 1986.

Burhoe returned to the tract in November 1986 and repaired a slope on lot 17. The work was miniscule and constituted less than one-tenth of 1 percent of the entire grading job.

The trial court ruled that the action was time-barred because the engineering and grading work was substantially completed in 1985.

*Substantial Completion*

Section 337.15, subdivision (a), provides: "No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property *more than 10 years after the substantial completion of such development or improvement* for any of the following: [¶]

(1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property. [¶] (2) Injury to property, real or personal, arising out of any such latent deficiency." (Italics added.)

■ Appellants argue that the 10-year period commenced on July 14, 1987 when the notice of completion for tract 3893 was filed. They rely on section 337.15, subdivision (g), which states in pertinent part: "The 10-year period specified in subdivision (a) shall commence upon substantial completion of the improvement, but not later than the date of one of the following, whichever first occurs: [¶] (1) The date of final inspection by the applicable public agency. [¶] (2) The date of recordation of a valid notice of completion. [¶] (3) The date of use or occupation of the improvement. [¶] (4) One year after termination or cessation of work on the improvement."

The trial court correctly ruled that "substantial completion" was the controlling date and that subdivision (g) "does not define [subdivision a]. In other words, these four conditions do not define substantial completion . . . ."

As we shall explain, the statute of limitations started to run in December 1985, after "substantial completion" of the engineering and grading work.

*Liptak and the 1981 Amendment to Section 337.15*

In *Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762 [167 Cal.Rptr. 440] *(Liptak)*, a property owner sued the tract developer and grading contractor for land subsidence damages. The grading work was performed in 1967. The developer constructed the homes in June 1972. Liptak's house was damaged by earth movement in 1978. The Court of Appeal held that the action against the grading contractor was barred by section 337.15. The court stated: "The 10-year period commences to run in respect to a person who has contributed towards 'an improvement' when such improvement has been substantially completed irrespective of whether or not the improvement is part of a development." (109 Cal.App.3d at p. 772.)

In 1981, the Legislature codified the holding in *Liptak* by adding subdivision (g) to section 337.15. (See *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 610 [189 Cal.Rptr. 871, 659 P.2d 1160]; *Schwetz* v. *Minnerly* (1990) 220 Cal.App.3d 296, 305 [269 Cal.Rptr. 417].) "The Senate Committee on Judiciary and the Senate Republican Caucus digests for the bill that became Code of Civil Procedure section 337.15, subdivision

(g) state in pertinent part: ' "In [*Liptak*], the [C]ourt of [A]ppeal held that with respect to a developer, the ten-year limitation period does not commence until the development is substantially completed. [¶] With respect to a person who has contributed to an improvement on the developed property, the court held that the period commences when that particular improvement has been substantially completed, regardless of the completion time of the development itself. [¶] AB 605 would codify the *Liptak* holding on these issues." ' [Citation.]" (*Industrial Risk Insurers* v. *Rust Engineering Co.* (1991) 232 Cal.App.3d 1038, 1044 [283 Cal.Rptr. 873].)

Appellants claim that the 10-year period is calculated pursuant to section 337.15, subdivision (g)(1) - (4), which describes four events: (1) a final inspection, (2) the notice of completion, (3) use or occupancy of the property, or (4) termination or cessation of work for one year. Subdivision (g), however, states that the 10-year period "*shall commence upon substantial completion of the improvement*, but not later than" the occurrence of any one of the four events described in subdivision (g)(1) through (g)(4). (Italics added.) The last sentence of subdivision (g) provides: "*The date of substantial completion shall relate specifically to the performance* or furnishing design, specifications, surveying, planning, supervision, testing, observation *of construction or construction services by each profession or trade rendering services to the improvement.*" (Italics added.)

The trial court correctly ruled that the notice of completion date (§ 337.15, subd. (g)(2)) did not control if the improvement was substantially completed at an earlier date. Assuming that Burhoe quit before the work was substantially completed, the statute of limitations would have run on the final inspection date, the notice of completion date, or one year after the termination or cessation of work. Because lot 21 was substantially completed in December 1985, we look to the last sentence of subdivision (g), which states that "[t]he date of substantial completion shall relate specifically to the performance . . . of construction or construction services by each profession or trade rendering services to the improvement."

Appellants contend that the word "improvement" refers to the entire tract, not just lot 21. We disagree. In *Liptak, supra,* 109 Cal.App.3d at pages 770-771, the Court of Appeal held that the "improvement" can have different meanings. "As used in section 337.15 'an improvement' is in the singular and refers separately to each of the individual changes or additions to real property that qualifies as an 'improvement' irrespective of whether the change or addition is grading and filling, putting in curbs and streets, laying storm drains or of other nature." (*Id.*, at p. 771.)

Appellants cite Civil Code section 3086 and contend that a real property improvement is not completed until a notice of completion is recorded.[2] However, Civil Code section 3086 deals with mechanics' liens and does not define "substantial completion." It is inapposite to the proper construction of section 337.15, subdivisions (a) and (g).

In *Eden* v. *Van Tine* (1978) 83 Cal.App.3d 879, 885 [148 Cal.Rptr. 215, 12 A.L.R.4th 856], the court acknowledged the distinction between "completion" and "substantial completion." Applying section 337.15, the court held that the 10-year period started to run no later than the recordation of the notice of completion. (83 Cal.App.3d at p. 885.)

*Eden* v. *Van Tine, supra,* 83 Cal.App.3d 879, predates the enactment of section 337.15, subdivision (g) and does not compel reversal. The remaining cases cited by appellants involve construction defect claims where the defendants offered no evidence that the improvement was substantially completed before the recordation of the notice of completion. (*Schwetz* v. *Minnerly, supra,* 220 Cal.App.3d 296, 298-300 & fn. 2 [notice of completion date used]; *Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d 605, 607 [same]; *A & B Painting & Drywall, Inc.* v. *Superior Court* (1994) 25 Cal.App.4th 349, 353 [30 Cal.Rptr.2d 418] [same].)

In construing section 337.15, subdivisions (a) and (g) must be harmonized both internally and with each other. (E.g., *Industrial Risk Insurers* v. *Rust Engineering Co., supra,* 232 Cal.App.3d 1038, 1042 [reconciling the last sentence of section 337.15, subdivision (g) with subdivision (g)(4)].) Under appellants' construction of the statute, we would have to erase the words "substantial completion" which appear once in subdivision (a) and twice in subdivision (g). We are loath to do so. (*People* v. *Buena Vista Mines* (1996) 48 Cal.App.4th 1030, 1034 [56 Cal.Rptr.2d 21].)

Adoption of appellants' construction of this statute would defeat the legislative purpose which is to shield members of the construction industry from perpetual exposure to liability for their work. (*Industrial Risk Insurers* v. *Rust Engineering Co.,* supra, 232 Cal.App.3d at p. 1043.) "If the limitations period does not commence until substantial completion of the improvement, construction industry members may be subject to liability for an

---

[2]Civil Code section 3086 states in pertinent part: " 'Completion' means, in the case of any work of improvement other than a public work, actual completion of the work of improvement. Any of the following shall be deemed equivalent to a completion: [¶] (a) The occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation of labor thereon. [¶] (b) The acceptance by the owner, or his agent, of the work of improvement. [¶] (c) After the commencement of a work of improvement, a cessation of labor thereon for a continuous period of 60 days, or a cessation of labor thereon for a continuous period of 30 days or more if the owner files for record a notice of completion."

indefinite time over 10 years after the substantial completion of the work. We do not believe that this was what the Legislature intended when it added subdivision (g) to the statute in 1981." (*Id.*, at pp. 1043-1044.)

### Subsequent Repairs and Street Work

Appellants contend that the 10-year period did not run until Burhoe repaired lot 17 and fully performed on a second contract to build the streets and curbs. We reject the argument. The street work was not part of the same improvement. The repair work on lot 17 was a miniscule part of the grading work and performed after the improvement was substantially completed. Appellants offered no evidence that the street work or repair work was causally linked to the property damage on lot 21.

The evidence was undisputed that the grading and engineering work for the tract lots was substantially completed in December 1985. No further work was done on lot 21. The trial court did not err in finding that the action against the engineers (Gannfors and Gorian) and the grading contractor (Burhoe) was time-barred.

### Developer Liability

In *Liptak* the Court of Appeal held that the statute of limitations may start to run at a later date against the developer if the development includes many improvements. The court distinguished between a developer and an improver because "[a] developer has the overall control over the development of a 'tract of raw land' and the myriad of improvements to the land which eventually complete the development. A person contributing to 'an improvement' carries out only one of many steps towards completion of the development." (*Liptak, supra*, 109 Cal.App.3d at p. 771.)

The developer-improver dichotomy has no application here because it was a "lots only" development. "The particular development or work of improvement can be one 'improvement' such as grading." (*Schwetz v. Minnerly, supra*, 220 Cal.App.3d 296, 308.)

Here the work of improvement was a graded, buildable lot. After the engineering and grading work was substantially completed in 1985, lot 21 was ready for construction. Appellants filed their complaint more than 10 years later, alleging that respondents "failed to properly plan, supervise, inspect, fill, grade, compact and prepare plaintiffs' lot . . . ." Substantial evidence supports the trial court's ruling that the action against United was

barred by section 337.15. Appellants' remaining arguments have been considered and merit no further discussion.

The judgment is affirmed. Respondents are awarded costs on appeal.

Stone (S. J.), P. J., and Coffee, J., concurred.

Appellants' petition for review by the Supreme Court was denied April 22, 1998.