Filed 2/27/13  Du v. Hawkins CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BO DU et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>H. GENE HAWKINS,<br><br>    Defendant and Respondent.<br>_____<br><br>AND RELATED CROSS-ACTION. | B235452<br><br>(Los Angeles County<br>Super. Ct. No. KC056883) |

        APPEALS from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

        Bruce W. Wagner for Plaintiffs and Appellants Bo Du and Yong Dong Feng.

        Hanger, Steinberg, Shapiro & Ash, Marc S. Shapiro and Benson Y. L. Chan for Defendants, Cross-defendants and Appellants Zekrollah Mohammadi and Mojgan Mohammadi.

        Cohen & Burge and Steven R. Jensen for Defendant, Cross-defendant and Respondent H. Gene Hawkins.

_____

Plaintiffs and appellants Bo Du and Yong Dong Feng (collectively Feng) and cross-complainants and appellants Zekrollah Mohammadi and Mojgan Mohammadi (collectively Mohammadi) appeal a judgment following a grant of summary judgment in favor of defendant, cross-defendant and respondent H. Gene Hawkins (Hawkins).

Hawkins provided professional geologic services in connection with bedrock and geologic exposures during rough grading preceding the construction of Mohammadi's home. The house allegedly was damaged by earth movement and structural defects. The essential issue presented is whether the lawsuits against Hawkins by Mohammadi and Feng, the subsequent purchaser, are barred by the 10-year limitations period on an action alleging a latent defect in construction. (Code Civ. Proc., § 337.15.)[1]

---

[1]   Code of Civil Procedure section 337.15 states in pertinent part:
"(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property *more than 10 years after the substantial completion of the development or improvement* for any of the following:  [¶]  (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.  [¶]  (2) Injury to property, real or personal, arising out of any such latent deficiency.  [¶]  (b) As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.  [¶]  (c) As used in this section, 'action' includes an action for indemnity brought against a person arising out of that person's performance or furnishing of services or materials referred to in this section, except that a cross-complaint for indemnity may be filed pursuant to subdivision (b) of Section 428.10 in an action which has been brought within the time period set forth in subdivision (a) of this section.  [¶] . . . [¶]  (g) *The 10-year period specified in subdivision (a) shall commence upon substantial completion of the improvement*, but not later than the date of one of the following, whichever first occurs:  [¶]  (1) The date of final inspection by the applicable public agency.  [¶]  (2) The date of recordation of a valid notice of completion.  [¶]  (3) The date of use or occupation of the improvement.  [¶] (4) One year after termination or cessation of work on the improvement.  [¶] *The date of substantial completion shall relate specifically to the performance or*

2

The undisputed evidence established that the last act or service performed by Hawkins in connection with the subject real property was on May 21, 1999, more than 10 years before the inception of this action. Therefore, the judgment in favor of Hawkins is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Facts.*

The undisputed evidence established the following:

On July 27, 1997, Hawkins was retained by an oral agreement with Mohammadi as a geologic consultant in connection with the construction of the Mohammadi family's personal residence, located on Flintrock Road in Diamond Bar. Hawkins was retained by Mohammadi in connection with pre-grading professional geologic consultation and in grading geologic observations for the *rough grading improvement* (cutting and/or filling of land to within a few inches of the approved plan elevations to prepare the lot prior to construction of the home). Hawkins solely provided professional geologic services on the Mohammadi project, and no other services or work. Hawkins performed his final geologic observations and advice in connection with the subject property prior to May 21, 1999. Hawkins issued an interim completion report on May 21, 1999. That was his final act or service performed in connection with the subject property.

Thereafter, the *rough grading improvement* at the subject property was completed fully on or before June 7, 1999. On June 7, 1999, the supervising grading engineer executed a rough grading certification, certifying the satisfactory completion of rough grading.

After the project was completed, Mohammadi decided to sell the property. Feng purchased the property in June 2000, but did not occupy the property until

---

*furnishing design, specifications, surveying, planning, supervision, testing, observation of construction or construction services by each profession or trade rendering services to the improvement.*" (Italics added.)

All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

sometime in 2002.  Feng subsequently claimed the house and lot developed damage due to earth movement and structural defects.  Feng allegedly discovered the cracking or damages sometime during 2007.

    2. *Proceedings.*

        a. *Pleadings.*

On September 25, 2009, Feng filed suit against Hawkins, Mohammadi and others.  As pertinent to this appeal, Feng's operative complaint, the first amended complaint pled a cause of action for negligence against Hawkins and sought damages stemming from the alleged design and/or construction defect of the subject property.

On December 2, 2009, Mohammadi filed a cross-complaint against Hawkins, alleging causes of action for implied indemnity based on negligence, implied indemnity based upon a special relationship, partial indemnity based on apportionment of fault, and declaratory relief.

        b. *Motion for summary judgment.*

Hawkins moved for summary judgment, or in the alternative, summary adjudication of issues, on the complaint by Feng and the cross-complaint by Mohammadi.  Hawkins directed his motion to the first cause of action of Feng's complaint for negligence (the only cause of action directed at Hawkins); and causes of action one (implied indemnity based on negligence), two (implied indemnity based on special relationship) three (partial indemnity based on apportionment of fault) and four (declaratory relief) of the cross-complaint by Mohammadi.  The motion was made on the grounds that no right to relief existed and that Hawkins was entitled to judgment as a matter of law because the 10-year statute of repose embodied in section 337.15 ran as to Hawkins more than 10 years prior to the filing of Feng's complaint and Mohammadi's cross-complaint.  According to Hawkins, he performed his  final act in connection with the project by May 21, 1999, upon issuance of his interim completion report.  Thereafter, rough grading was completed on or before

4

June 7, 1999; on June 7, 1999, the project civil engineer, HP Engineering, issued its rough grade certification.[2]

c. *Opposition papers*.

Feng, in opposition, contended that Hawkins did not substantially complete his work at the subject property on May 21, 1999, the date of the interim completion report, because Hawkins "failed to subsequently provide his final report including an as-graded geotechnical map as required by #17 of General Notes of the Grading Plan signed by [Hawkins] on October 30, 1998 and Building Code § 3318.1 and as set forth in his Interim Completion Report dated May 21, 1999." Thus, Feng contended that the failure to prepare a final report including an as-built geologic map meant that Hawkins did not substantially complete his geologic work at the subject property on May 21, 1999.

Mohammadi, in turn, contended the applicable date for calculating the statute of repose was the date of the final grading certification of May 30, 2000, because the grading of the property cannot be said to be completed until such time as the *final* grading certification is executed and issued. The supervising grading engineer's *final* grading certification for the subject property was executed on May 30, 2000.

d. *Trial court's ruling*.

The trial court ruled Hawkins met his initial burden to show the claims against him by Feng and Mohammadi was barred by the 10-year statute, in that the undisputed evidence showed "Hawkins performed his final geologic observations and advice in connection with the subject property and issued an interim completion report on May 21, 1999 . . . [and] the rough grading improvement at the subject

---

[2]     In the alternative to moving for summary judgment, Hawkins sought summary adjudication that he did not owe various duties toward Mohammadi or Feng, e.g. that he did not owe a duty of care to plaintiffs and/or Mohammadi to verify that grading was conducted in accordance with the approved plans, and that he did not owe Feng any duty.

5

property was completed fully on or before June 7, 1999," more than 10 years before the onset of litigation.

The trial court noted Feng's argument that Hawkins did not substantially complete his work because Hawkins failed to subsequently provide a final report including an as-graded geotechnical map as required by No. 17 of General Notes of the Grading Plan signed by Hawkins on October 30, 1998 and Building Code section 3318.1. The trial court also considered Mohammadi's argument the applicable date for calculating the 10-year statute was May 30, 2000, the date of the final grading certification, because the grading of the property cannot be said to be completed until such time as the final grading certification is executed and issued.

The trial court rejected these arguments, stating: "The opposing parties, however, fail to submit any evidence raising a triable issue as to the date of the last act or service performed by Hawkins in connection with the subject property. The date of substantial completion relates specifically to the performance by each profession or trade rendering services to the improvement. (CCP § 337.15(g).) The ten-year statute of limitations on suits for latent defects in improvements to real property commences when defendant's work on the improvement is substantially completed, rather than when improvement itself is substantially completed. (*Industrial Risk Insurers v. Rust Engineering Co*. (1991) 232 Cal.App.3d 1038, 1044-1046.) While the evidence that Hawkins may have failed to complete all of his obligations with regard to a final report may be relevant to demonstrate that he breached the agreement with Mohammadi, it does not raise a triable issue of fact as to when Hawkins substantially completed his services with regard to the subject property. While the opposing parties focus heavily on the fact that Hawkins failed to provide his 'final report' after he returned from his vacation, there is no evidence that the final report was necessary. It appears that the project was able to go forward without the final report. Thus, it appears that Hawkins' work was substantially completed when he submitted his interim completion report.

6

"The undisputed evidence demonstrates that the last act or service performed by Hawkins in connection with the subject property was on May 21, 1999, and that plaintiffs commenced this action more than 10 years after the work was completed. Accordingly, the motion for summary judgment is granted."

Feng and Mohammadi filed timely notices of appeal from the judgment.

## CONTENTIONS

With respect to the appeals by both Feng and Mohammadi, the issue presented is whether their claims against Hawkins are barred by the 10-year statute. (§ 337.15.) Based on our analysis set forth below, we conclude the claims are barred.

## DISCUSSION

1. *Standard of appellate review*.

Summary judgment "motions are to expedite litigation and eliminate needless trials. [Citation.] They are granted 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citations.]" (*PMC, Inc. v. Saban Entertainment, Inc*. (1996) 45 Cal.App.4th 579, 590.)

A defendant meets its burden upon such a motion by showing one or more essential elements of the cause of action cannot be established, or by establishing a complete defense to the cause of action. (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 849.) Once the moving defendant has met its initial burden, the burden shifts to the plaintiff to show a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (*Aguilar,* at p. 849; § 437c, subd. (p)(2).)

We review the trial court's ruling on a motion for summary judgment under the independent review standard. (*Rosse v. DeSoto Cab Co*. (1995) 34 Cal.App.4th 1047, 1050.)

2*. General principles*.

Section 337.15 was enacted in 1971 in response to lobbying by the construction industry for statutes limiting the duration of liability for real property

7

improvements. The purpose of the statute is to shield members of the construction industry from liability of indefinite duration for property damage caused by their work. *(Industrial Risk Insurers v. Rust Engineering Co.* (1991) 232 Cal.App.3d 1038, 1043 *(Industrial)*.)

The statute provides no action may be brought to recover damages "from any person, . . . who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement . . . ." (§ 337.15, subd. (a).)

The critical provision for our purposes is subdivision (g), which states: "The 10-year period specified in subdivision (a) *shall commence upon substantial completion of the improvement*, but not later than the date of one of the following, whichever first occurs: [¶] (1) The date of final inspection by the applicable public agency. [¶] (2) The date of recordation of a valid notice of completion. [¶] (3) The date of use or occupation of the improvement. [¶] (4) One year after termination or cessation of work on the improvement. [¶] *The date of substantial completion shall relate specifically to the performance or furnishing design, specifications, surveying, planning, supervision, testing, observation of construction or construction services by each profession or trade rendering services to the improvement.*" (§ 337.15, subd. (g), italics added.)

*Industrial* explained that the italicized language in the last sentence of section 337.15, subdivision (g) " 'relates' the concept of substantial completion to services rendered to an improvement, and it relates this concept 'specifically' to the services rendered by 'each' profession. It is somewhat imprecise to say that things are related without saying how they are related. But the reasonably plain meaning of this sentence is that the limitations period commences as to each profession on the date its services to the improvement are substantially complete." *(Industrial, supra,* 232 Cal.App.3d at p. 1042.)

8

*Industrial* thus concluded the 10-year time limit section 337.15 places on suits for latent defects in improvements to real property commences "when the defendant's work on the improvement is substantially completed, rather than when the improvement itself is substantially completed." (*Industrial, supra,* 232 Cal.App.3d at p. 1040.) It reasoned that a "defendant's services with respect to an improvement may be completed well before the improvement itself is finished. If the limitations period does not commence until substantial completion of the improvement, construction industry members may be subject to liability for an indefinite time over 10 years after the substantial completion of their work. We do not believe that this was what the Legislature intended when it added subdivision (g) to the statute in 1981." (*Id*. at pp. 1043-1044.)

*Industrial* also examined the statute's legislative history, which showed the bill's proponents stated " 'the definition of "substantial completion" in the bill is needed *so that the various professions and trades rendering services to an improvement may be able to predict with certainty when their liability for "latent deficiencies" will terminate.*' The digest also explains that the last sentence of subdivision (g) 'further delineates the liability of each participant in an improvement by providing that the date of substantial completion shall relate specifically to the performance or furnishing of services, as defined, by each profession or trade rendering services to the improvement.' This legislative determination to draw lines with respect to the liability of each participant in an improvement is consistent with our reading of the last sentence of subdivision (g)." (*Industrial, supra*, 232 Cal.App.3d at pp. 1045-1046, italics added.)

By way of example, in *Nelson v. Gorian & Associates, Inc*. (1998) 61 Cal.App.4th 93 (*Nelson*), the "evidence was undisputed that the grading and engineering work for the tract lots was substantially completed in December 1985." (*Id*. at p. 99.) There, the lots were graded between September 18, 1985 and December 23, 1985; the soils engineer observed the grading and performed soils tests; and after 1985 no further work was done on the subject lot. (*Id*. at p. 95.)

9

On February 27, 1986, the soils engineer filed a final report and soils engineer certificate, and on April 30, 1986, the civil engineer signed the certificate. (*Ibid*.)

*Nelson* held "the statute of limitations started to run in December 1985, after 'substantial completion' of the engineering and grading work." (*Nelson, supra*, 61 Cal.App.4th at p. 96.) Because the action was filed more than 10 years after substantial completion of the defendants' work of improvement, i.e., the engineering and grading work, the action was barred by section 337.15. (*Id*. at pp. 94-96.)

3. *Undisputed evidence established Hawkins performed his last act or service in connection with the project on May 21, 1999, more than 10 years before inception of this action; trial court properly found Feng and Mohammadi failed to raise a triable issue with respect to the 10-year statute*.

The evidence is undisputed that the "last act or service" which Hawkins performed in connection with the Mohammadi project occurred on May 21, 1999, at which time Hawkins issued his interim completion report. The issue before this court is a pure question of law – did this "last act or service" by Hawkins commence the running of the 10-year period? Guided by *Industrial and Nelson,* we concur in the trial court's resolution of the issues.

With respect to Feng's argument that Hawkins did not substantially complete his work because Hawkins failed to follow up his interim report with a final report, we reiterate the trial court's ruling: "While the evidence that Hawkins may have failed to complete all of his obligations with regard to a final report may be relevant to demonstrate that he breached the agreement with Mohammadi, it does not raise a triable issue of fact as to when Hawkins substantially completed his services with regard to the subject property." Irrespective of the absence of a final report, which did not preclude the project from going forward, Hawkins's role concluded when he performed his final act or service in connection with the project on May 21, 1999. Moreover, it is undisputed the rough grading improvement was fully completed by June 7, 1999, more than 10 years before suit was filed.

The purpose of section 337.15 is that " 'various professions and trades rendering services to an improvement may be able to predict with certainty when their liability for "latent deficiencies" will terminate.' " (*Industrial, supra*, 232 Cal.App.3d at p. 1045.) Under Feng's approach, there would be no such certainty. If Hawkins's failure to submit a final report means he never completed the work required of him, the 10-year period would not begin to run.

As for Mohammadi, the argument was that the applicable date for calculating the 10-year period is May, 2000, one year after Hawkins's final act or service, because it was not until May 2000 that the *final* grading certification was executed by the supervising grader engineer for H.P. Engineering, Inc.

Section 337.15, as construed by *Industrial* and *Nelson*, readily disposes of this theory. Section 337.15, subdivision (g), delineates the liability of each participant in an improvement by providing that the date of substantial completion shall relate specifically to the performance or furnishing of services, as defined, *by each profession or trade rendering services to the improvement*. (*Industrial, supra*, 232 Cal.App.3d at pp. 1045-1046.) Accordingly, the time frame for determining Hawkins's liability is based on the date Hawkins substantially completed his work on the project, without regard to the date H.P. Engineering executed its certification. (*Nelson, supra*, 61 Cal.App.4th at p. 95.) As indicated, it is undisputed Hawkins performed no additional work after May 21, 1999. Moreover, the rough grading improvement was fully completed by June 7, 1999, more than 10 years before suit was filed. Therefore, the action is barred by section 337.15. [3]

---

[3] Feng's argument the trial court erred in sustaining one of Hawkins's eight evidentiary objections, which was not briefed as a separate contention, is deemed waived. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Silverado Modjeska Recreation & Parks Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 314, fn. 24.)

11

**DISPOSITION**

The judgment in favor of Hawkins is affirmed. Hawkins shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.