[No. 14068.　In Bank. — May 16, 1891.]

## D. S. COHN ET AL., Respondents, *v.* D. L. WRIGHT ET AL., Appellants.

Mechanic's Lien — Foreclosure — Pleading — Findings — Date of Completion of Building. — In an action to foreclose a mechanic's lien, where the complaint alleged that the building had been completed upon a certain date, which was less than thirty days before the lien was filed, but the answer denied the allegation, and averred that the building was completed upon a date prior to that alleged in the complaint, and which was more than thirty days before the filing of the lien, a finding that the building was completed " on or about " the date specified in the answer is insufficient to sustain a judgment foreclosing the lien.

Id. — Performance within Time Limited. — Where the right of a person depends upon his doing a particular thing within a definite number of days after a certain event, it is necessary for him to allege and prove that the acts were performed within the time required by law.

Id. — Abandonment of Structure by Vendors — Findings. — A finding that the owners with whom the contract was made abandoned the construction of the building is not sufficient, where it appears that they conveyed the property to another person, and it does not appear whether the latter had or had not completed or abandoned the construction of the building.

Id. — Object of Furnishing Materials — Pleading — Uncertainty. — In an action to foreclose a lien for materials, the complaint should directly allege that the materials were furnished to be used in the construction of the building or structure upon which the lien is claimed; and an allegation that the materials were furnished upon the terms and conditions set forth in the notice of lien attached as an exhibit to the complaint is insufficient as against a demurrer for uncertainty. It is not enough to allege that the materials were furnished by the plaintiff, and actually used in the construction of the building.

ID. — NOTICE OF LIEN — TERMS OF CONTRACT. — A notice of lien which
states that it was agreed that the price of all materials furnished by the
material-man should be due on the delivery of the same sufficiently states
the terms and conditions of the contract.

APPEAL from a judgment of the Superior Court of
Tulare County.

The facts are stated in the opinion of the court.

*O. L. Abbott,* for Appellants.

*N. O. Bradley,* and *G. E. Lawrence,* for Respondents.

PATERSON, J.— This is an action to foreclose a mate-
rial-man's lien.

It is alleged in the complaint that the barn and corral
mentioned in the notice of lien were completed on the
twenty-fifth day of November, 1889, and that the store-
room had not been completed because the defendants
had abandoned the work and did not intend to com-
plete it. The defendants denied that the barn or corral
was completed at any time subsequent to November 22,
1889, and alleged that the storeroom was completed be-
fore said date.

The court failed to find on the issues thus raised. The
only finding on these issues is as follows: " That said
shed and storeroom were completed on *or about* the
twenty-second day of November, 1889, and on or about
the twenty-seventh day of November, 1889, said defend-
ants D. L. and N. B. Wright commenced the construc-
tion of said storeroom building; . . . . that on the
sixth day of December, 1889, said defendants D. L. and
N. B. Wright sold and transferred to said defendant E.
E. Giddings all of said real property above described,
and thereupon said defendants D. L. and N. B. Wright
abandoned their intention to complete said storeroom."

Inasmuch as the notice of lien was not filed until
December 23, 1889, — thirty-one days after the time
when defendants claim the buildings were completed, —

the exact date of the completion of the buildings is a material fact to be determined by the court below. " On *or about* the twenty-second day of November, 1889," is too indefinite and uncertain. "On or about" is a relative term. It is sufficiently definite in certain connections, but in cases of this kind, where the right of a person depends upon his doing a particular thing within a definite number of days after a certain event, it is necessary for him to allege and prove that the acts were performed within the time required by law. An allegation that the plaintiff had filed his notice of lien " on or about" a certain day would not be good, and a finding in those words is equally insufficient.

The court found that D. L. and N. B. Wright had abandoned the construction of the storeroom. This would have been sufficient if they had continued to own the property; but it appears that they conveyed to Giddings, and it does not appear whether the latter had or had not completed or abandoned the construction of the building.

There is no allegation in the complaint that the materials were furnished for or to be used upon the property sought to be charged with the lien. It is not enough to allege that the materials were furnished by plaintiff and actually used by defendants in the construction of the building. (*Bottomly* v. *Grace Church*, 2 Cal. 90; *Houghton* v. *Blake*, 5 Cal. 240; *Holmes* v. *Richet*, 56 Cal. 310; 38 Am. Rep. 54.) There is an allegation in the complaint that "the materials were furnished upon the terms and conditions set forth in plaintiff's notice of lien hereto attached, marked 'Exhibit A,' which is hereby referred to and made a part hereof"; but conceding that an exhibit of this kind may be thus made a part of the complaint, and treated as a sufficient averment of the terms and conditions of the contract, there should be a direct allegation in the complaint that the materials were furnished to be used in the construction

of the building or structure upon which the lien is claimed. The demurrer of Giddings pointed out the particular defect and uncertainty referred to, and should have been sustained. The complaint refers to the exhibit, and makes it a part of the pleading, simply for the purpose of showing the terms and conditions of the sale to defendants, viz., the price of the materials, and when payable.

We think that the notice of lien is sufficient in form and substance, and if filed in time, would support a judgment in favor of the plaintiff. (*Tredinnick* v. *Mining Co.*, 72 Cal. 80.) It states it was "agreed that the price of all materials furnished by said firm of Cohn & Co. should be due on the delivery of the same." In *Hooper* v. *Flood*, 54 Cal. 221, the notice of lien under consideration stated simply that the terms and conditions of the contract "are, and were, cash."

The judgment is reversed, and the cause is remanded for a new trial, with directions to sustain the demurrer to the complaint, and to allow the plaintiff a reasonable time in which to amend, and the defendant a reasonable time in which to answer.

SHARPSTEIN, J., DE HAVEN, J., HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.