[Civ. No. 2316. First Appellate District.—September 20, 1918.]

FRANK J. KLIMM et al., Respondents, v. HENRY COWELL LIME AND CEMENT COMPANY (a Corporation), Appellant.

MECHANICS' LIENS—FAILURE TO FILE NOTICE OF COMPLETION—TIME FOR FILING CLAIM OF LIEN.—Under section 1187 of the Code of Civil Procedure where no notice of completion was filed, lien claimants had ninety days after actual completion within which to file their claims.

ID.—FORECLOSURE—PLEADING—TIME OF COMPLETION UNCERTAIN—EFFECT OF STIPULATION.—Although an allegation in a complaint for the foreclosure of a mechanic's lien that the building was completed on or about a day mentioned renders the pleading open to demurrer for uncertainty, yet in view of the fact that at the trial it was stipulated by all the parties that the building was in fact completed on that day, the defendant cannot be said to have been prejudiced in any substantial right by the overruling of the demurrer, nor by the form of the finding in which the court found the completion on or about that date.

ID.—INTEREST.—In an action for the foreclosure of a mechanic's lien, interest is allowable from the date of completion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Hatch & Hatch, for Appellant.

Daniel A. Ryan, H. K. Eells, E. T. Cooper, Pillsbury, Madison & Sutro, A. E. Roth, Adams & Adams, Nowlin, Fassett & Little, Lent & Humphrey, and Adolph Cahen, for Respondents.

BEASLY, J., *pro tem.*—This is a consolidated action for the foreclosure of certain mechanics' liens against the property of defendant Henry Cowell Lime and Cement Company. It resulted in a judgment in favor of the lien claimants for the amounts of their respective claims, with interest at the legal rate from November 15, 1914, the date found by the court to be the date of completion, and for the foreclosure of the liens as prayed.    The defendant appeals.

The liens were all perfected according to law and filed in time.    Some outstanding facts of the case are of interest. The defendant, Henry Cowell Lime and Cement Company, entered into a contract with, Day & Sons to erect and complete a building for seventy thousand dollars.    At the trial of this action it was agreed by all the parties that the building was completed on November 15, 1914, and the court found that the building was in fact completed on or about that date. Sufficient funds were due to the contractor from the defendant at the time of the trial to pay all these claims, with the interest allowed by the court.    The contractor did not defend against the claims but defaulted.    It was proven at the trial that Day & Sons did not dispute the claims at all, and it does not appear that the Cement Company disputes any of the foregoing facts.    It appeared at the trial, also, that Day & Sons gave a general order to the Cement Company to settle all of these claims.    At the outset of the trial its attorney stated to the court that he had placed the matter before his client, and advised it that the trial was to be had on that day, and that his client had furnished him with no defense to the action.

In face of this rather extraordinary record it is now claimed by the Cement Company that the claims of lien were not filed in time, as they were filed more than thirty days after completion; but no notice of completion was filed, so the lien claimants had ninety days after actual completion within

which to file their claims, and the claims were on file within this period.    (Code Civ. Proc., sec. 1187.)

Another ground urged for reversal is that it was averred in the complaints and found by the court that the building was completed on or about the fifteenth day of November, 1914; and it is contended that this averment is not sufficiently certain, but that the exact date of completion should have been alleged and found.    The defendant raised this point by demurrer to the complaints, and cites *Cohn* v. *Wright*, 89 Cal. 86, [26 Pac. 643], in support of his position.    But, in view of the facts above stated, and especially of the stipulation of the defendant as to the time of completion, which stipulation was sought from two of the plaintiffs by defendant's counsel himself at the trial, the defendant cannot be said to have been prejudiced in any substantial right by the ruling on demurrer, nor by the form of the finding, and this case will not be reversed on that ground, although the case of *Cohn* v. *Wright* supports the contention of defendant's counsel.

It is also contended by defendant that no interest can be allowed in mechanics' lien cases; and counsel cites section 1183 of the Code of Civil Procedure, in support of this contention; but the point is decided against him in *Hubbard* v. *Jurian*, 35 Cal. App. 757, [170 Pac. 1093].    It will be noted that it is not contended that any of the several amounts of interest allowed was too large, but only that no interest whatever should have been allowed in the case.

The other points made for reversal here are all equally technical with those to which we have called attention, except that in the case of the plaintiff Klimm judgment was entered for $60 more than called for in the findings.    We have no doubt that this excess would have been conceded had attention been called to it before this appeal was taken; but as it is an undeniable error, though evidently caused by oversight, the judgment must be modified by reducing the amount awarded to Klimm by the sum of $60, and this the superior court is directed to do.

In all other respects the judgment is affirmed.

We are almost persuaded, from a consideration of this entire record, that the appeal was taken for delay only, and, therefore, his costs on appeal will be allowed Klimm as well as the other respondents.

Lennon, P. J., and Sturtevant, J., *pro tem.,* concurred.