[No. AO18019. First Dist., Div. One. June 22, 1983.]

DANIEL CHILDS, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

156

COUNSEL

Mitchell Page and Page & Coben for Plaintiff and Appellant.

George Deukmejian, Attorney General, Michael Franchetti, Chief Deputy Attorney General, Willard A. Shank, Chief Assistant Attorney General, Marvin Goldsmith, Assistant Attorney General, Seward L. Andrews, Jr., and Peter J. McBrien, Deputy Attorneys General, for Defendant and Respondent.

OPINION

NEWSOM, J.—Appellant was injured on January 15, 1980, while weight lifting in the California Rehabilitation Center. On April 23, 1980, he presented a claim for damages to the State Board of Control. (Gov. Code, § 905.2 et seq.) By letter dated June 10, 1980, respondent notified appellant of its decision to reject his claim, and alerted him to the six-month period of limitations within which to bring a civil action after rejection of a claim by a governmental entity. (Gov. Code, § 945.6.)

Appellant filed a complaint in superior court on December 11, 1980, seeking recovery of personal injury damages from respondent based upon negligence and strict products liability theories. Respondent's demurrer to the complaint was sustained without leave to amend on the ground that appellant failed to comply with the applicable statute of limitations. This appeal is from the subsequent judgment dismissing the action.

Section 945.6, subdivision (a)(1), of the Government Code establishes the statute of limitations which applies here; it provides that, "(a) . . . any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with . . . [section 905.2] . . . must

be commenced: . . . not later than six months after the date such notice is . . . deposited in the mail.''

If the notice of rejection was mailed on June 10, 1980, then plaintiff's complaint, which he filed *six months* and *one day* later, on December 11, 1980, would not comply with the statute of limitations. (*Edgington* v. *County of San Diego* (1981) 118 Cal.App.3d 39, 46-47 [173 Cal.Rptr. 225]; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 230 [137 Cal.Rptr. 146].) ■ As noted in *Smith, supra,* at page 230, where the plaintiff similarly filed his action one day after the statute of limitations had run, ''[t]he prescribed statutes of limitations . . . 'are mandatory and must be strictly complied with . . . .' '' The court in *Smith* concluded: ''the tort claims statute 'does not indulge late suitors . . . [appellant's] right to sue the state and its political subdivisions, having been formulated by statute, *is circumscribed by the limitations within that statute.*' '' (*Ibid.,* quoting from *Hunter* v. *County of Los Angeles* (1968) 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288].)

But in his complaint, appellant avers that the notice was deposited in the mail *''on or about''* June 10, 1980, which, he insists, refers to deposit dates after that date. He suggests that any deposit date after June 10 would make the complaint timely, and hence he should be permitted to pursue discovery on this issue.

Respondent rejoins that the complaint must be read as alleging a deposit date of June 10, which renders the action untimely. In support of this position, respondent attached to its demurrer a declaration of the assistant executive secretary of the State Board of Control, which describes the board's policy of mailing rejection notices on the day they are made.

■ It is well settled that in testing the validity of a complaint against a demurrer, courts must look exclusively to facts alleged in the complaint, ignoring contrary allegations. ■ On appeal from a judgment entered after sustaining a demurrer, ''the complaint [itself is] the only record by which the . . . sufficiency of the facts . . . may be judged.'' (*United B. & T. Co.* v. *Fidelity & Deposit Co.* (1928) 204 Cal. 460, 461 [260 P. 907].) But ''a complaint may be read as if it included matters judicially noticed, and thereby made subject to attack on demurrer though the bare allegations do not disclose the defect.'' (3 Witkin, Cal. Procedure (2d ed.1971) Pleading, § 798, p. 2412; and see Code Civ. Proc., § 430.40.)

Here, while plaintiff's complaint specifically alleges that the notice was deposited in the mail ''on or about'' June 10, 1980, the notice itself, *dated* June 10, 1980, was incorporated into the complaint. The incorporated notice

does not, however, specify the critical date on which it was *deposited* for mailing. Plaintiff would have the phrase *"on or about"* interpreted as saving his action by encompassing deposit dates after June 10.

Although no case has decided this precise issue, courts have often been called upon to determine whether the allegation "on or about" constitutes compliance with strict time constraints.

In *Boscus* v. *Waldmann* (1916) 31 Cal.App. 245 [160 P. 180], the court explained that "the phrase 'on or about' should be held to mean either the day mentioned or a day in very near proximity thereto." (*Id.*, at p. 258.) And in *Cohn* v. *Wright* (1891) 89 Cal. 86, 88 [26 P. 643], our high court stated, "'On or about' is a relative term. It is sufficiently definite in certain connections, but in cases of this kind, where the right of a person depends on his doing a particular thing within a definite number of days after a certain event, it is necessary for him to allege and prove that the acts were performed within the time required by law." ■ Our survey of the cases addressing the issue persuades us that use of the term "on or about" when pleading dates constitutes a proper pleading only where the date specifically alleged is well within the applicable time constraint and where the actual date on which the subject event occurred is within close proximity to the alleged date. (*Cohn* v. *Wright, supra,* 89 Cal. 86; *People* v. *Aday* (1964) 226 Cal.App.2d 520 [38 Cal.Rptr. 199]; *Boscus* v. *Waldmann, supra,* 31 Cal.App. 245.)

■ Here, the date of *deposit* in the mail is the crucial date, for it triggers the statute of limitations, and a pleading of "on or about" fails to provide the requisite certainty for resolution of the issue. In *Drake* v. *Morris Plan Co.* (1975) 53 Cal.App.3d 208 [125 Cal.Rptr. 667], the court declared that the "opposing party is entitled to a distinct statement of the facts claimed by the pleader to exist. A statement in the alternative is uncertain and ambiguous . . . ." (*Id.*, at p. 211, citing *Jamison* v. *King* (1875) 50 Cal. 132, 136; and *Cliff* v. *California Spray Chemical Co.* (1927) 83 Cal.App. 424, 426-427 [257 P. 99].) We regard appellant's uncertain manner of temporal allegation as defective in light of the rule requiring certainty in pleading. That conclusion, however, is not dispositive of the issue before us, since there are competing policies which deserve close consideration. ■ For instance, uncertain allegations should be liberally construed in the testing of a complaint for adequacy against a demurrer, particularly where the facts as to which the complaint is uncertain are presumptively within the knowledge of the defendant. (*Merlino* v. *West Coast Macaroni Mfg. Co.* (1949) 90 Cal.App.2d 106 [202 P.2d 748].) ■ It has also been repeatedly held that where a complaint, challenged by general demurrer charging failure to comply with the applicable statute of limitations, does not on its face dis-

close that the action was necessarily barred, courts should overrule the demurrer and permit the defense to be raised by answer. (*Vassere* v. *Joerger* (1938) 10 Cal.2d 689 [76 P.2d 656]; *Anderson* v. *McNally* (1957) 150 Cal.App.2d 778 [310 P.2d 975].) ▆ Conversely, when a complaint shows on its face that it is barred by a statute of limitations, a general demurrer may be sustained and a judgment of dismissal entered. (*McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 802 [159 Cal.Rptr. 86].) Another distinction is this, noted in *Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887, at page 895 [136 Cal.Rptr. 865]: " '[A] demurrer on the ground of the bar of the statute of limitations *does not lie* where the complaint merely shows that the action *may have been barred*. It must *appear affirmatively* that, upon the facts stated, the *right of action is necessarily barred.*' " (Italics added, see also *Moya* v. *Northrup* (1970) 10 Cal.App.3d 276, 283 [88 Cal.Rptr.783].)

Thus, in *Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762 [167 Cal.Rptr. 440], a complaint against contractors alleging negligent grading and filling of a slope "in 1968-1969," was filed in November of 1978. A judgment granting defendants' demurrer and dismissing the complaint on the ground that it was barred by the applicable 10-year period of limitations (Code Civ. Proc., § 337.15) was reversed. Acknowledging the rule that the plaintiff could not amend his pleading to contradict the additional allegation of completion of grading of the slope "[i]n or about 1968," the court was unable to "say that the causes of action are barred on their faces by the provisions of section 337.15." (*Id.,* at p. 775.) The court explained: "The broad allegation of time may be the product of imaginative pleading, however, it creates a factual situation in respect to whether or not the action is barred by section 337.15 that must be resolved by the court or jury." (*Ibid.*)

▆ Appellant has similarly alleged a deposit date of "on or about" June 10, 1980. The lack of a more specific date is quite likely the result of appellant's present ignorance concerning that pivotal fact, which, if known at all, is presumptively within respondent's knowledge. Since appellant's complaint would be deemed timely filed if the notice had been deposited in the mail even one day after the date affixed to it by respondent, we consider the pleading of "on or about" June 10, 1980, sufficient to withstand a general demurrer, as it reveals only that plaintiff's action *may* be barred by operation of section 945.6. And if it does in fact turn out that the notice was deposited on the same day it was drafted, defendant can easily produce such evidence and request summary disposition of the case—clearly a better means than a demurrer for deciding an issue of this nature. At this stage, we view the question as one of fact, and conclude that it is not subject to

resolution by demurrer. (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8].)

Respondent submits that the trial court's order can be justified by reference to the declaration respondent submitted in support of the demurrer. We disagree.

Subdivision (a) of section 430.30 of the Code of Civil Procedure provides that "[w]hen any ground for objection to a complaint . . . appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading" in California case law is consistent. ■ As justification for this rule, the court in *Verreos* v. *City & County of San Francisco* (1976) 63 Cal.App.3d 86 [133 Cal.Rptr. 649], explained: " 'The rule is well established that a complaint good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective. . . .' " (*Id.*, at p. 107.) Otherwise the pleader could breach with impunity the principle requiring truthful pleading and bypass a demurrer by suppressing facts.

■ Respondent argues that the trial court could properly take judicial notice of the declaration of James E. Burton—which describes the mailing practices of the State Board of Control—citing subdivision (c) of Evidence Code section 452, which permits the court to judicially notice "Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States." In accordance with section 452, subdivision (c), matters such as resolutions, reports and other official acts of the state may be judicially noticed for the purpose of ruling upon a demurrer. (*Pan Pacific Properties, Inc.* v. *County of Santa Cruz* (1978) 81 Cal.App.3d 244, 255, fn. 2 [146 Cal.Rptr. 428]; *Agostini* v. *Strycula* (1965) 231 Cal.App.2d 804, 806 [42 Cal.Rptr. 314].)

But the declaration at issue here is not an "official act"; rather, it is merely an individual's description of the general mailing practice of a government agency, a practice which has not been established as governed by specific agency rules. The declaration does not even recite the declarant's personal knowledge of the specific date on which the notice to appellant was deposited in the mail. In our view, by no permissible expansion of the scope of section 452, subdivision (c) can the declaration be considered an "official act." (*Stencel Aero Engineering Corp.* v. *Superior Court* (1976) 56 Cal.App.3d 978, 987-988, fn. 6 [128 Cal.Rptr. 691].)

And even if we were to so characterize the declaration, judicial notice could not be taken of the truth of the matter at issue here: the date of deposit of the notice to plaintiff. The court cannot take judicial notice of self-serving

hearsay allegations—such as would be required to determine the critical date of deposit in the present case—merely because they are part of a document which qualifies for judicial notice. (*Ramsden* v. *Western Union* (1977) 71 Cal.App.3d 873, 879 [138 Cal.Rptr. 426].)

The date of deposit is a question of fact in the case before us which is simply not subject to resolution by demurrer. (*Ramsden* v. *Western Union, supra*, at p. 879.) ▇ "It is an elementary rule that the sole function of a demurrer is to test the sufficiency of the challenged pleading. It cannot, properly, be addressed to or based upon evidence or other extrinsic matters." (*Cravens* v. *Coghlan* (1957) 154 Cal.App.2d 215, 217 [315 P.2d 910].) And as noted in *National Auto. Ins. Co.* v. *Winter* (1943) 58 Cal.App.2d 11, 16-17 [136 P.2d 22]: "Matters of defense not apparent in the pleading are not available upon demurrer. (21 Cal.Jur. 116.) On the hearing of a demurrer, therefore, the court is bound by the facts as alleged in the pleading attacked by demurrer, and it is not entitled to consider facts presented to it through the medium of an affidavit." We accordingly conclude that the trial court erred in sustaining respondent's demurrer.

The judgment is reversed and the case remanded to the trial court for proceedings consistent with the views expressed herein.

Elkington, Acting P. J., and Breiner, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.