[No. B009265. Second Dist., Div. Two. Oct. 31, 1985.]

RAMON DE CRUZ, a Minor, etc., et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Norman Warren Alschuler for Plaintiffs and Appellants.

Thomas & Price, Horvitz & Levy, Barry R. Levy and Cheri A. Lewis for Defendant and Respondent.

OPINION

**ROTH, P. J.**—Appellant Ramon De Cruz allegedly suffered birth injuries at Los Angeles County/USC Medical Center on February 20, 1983. On

April 19, 1983, a timely claim respecting the same was filed with respondent County of Los Angeles. A complaint for medical malpractice filed by appellant's guardian ad litem followed on February 6, 1984.

Respondent demurred on the ground the suit was barred by Government Code section 945.6, which requires that an action be filed within six months from the date a notice of rejection of claim is deposited in the mail, the contention being respondent, through its agent Professional Risk Management, Inc., caused such a notice to be mailed on May 20, 1983.

In support of the demurrer respondent requested the trial court to take judicial notice of the preparation and mailing of the rejection, appending to its demurrer as a demonstration thereof a letter purporting to evidence such rejection and a proof of service executed by one Phyllis E. Daigle, an employee of Professional Risk Management, Inc., to the effect Ms. Daigle had personally mailed the letter to appellant's attorney on the date specified.

The demurrer was sustained with leave to amend. Appellant then filed his first amended complaint, alleging inter alia that the notice of rejection had never been received. Respondent again demurred, on the same ground as before, and repeated its request for judicial notice in a fashion identical to that which it had previously formulated.

Hearing on the demurrer was continued so that appellant's counsel could take the deposition of Ms. Daigle. That being accomplished, appellant submitted supplemental opposition to the demurrer consisting of a portion of Ms. Daigle's testimony, which fairly tended to establish that Ms. Daigle had prepared the notice of rejection and had executed the proof of service; that she did not remember the claim to which the rejection related; that in the regular course of business she would have given the notice of rejection to her supervisor for signature; that upon its return to her she would have placed it in an envelope ready for mailing; but that on the date in question, contrary to her declaration of mailing, she would not have mailed it herself, but would have given it in a bundle of similar rejections to a coworker, one Faye Eggan, who consistent with her own custom would have placed the bundle in a mailbox.

From this showing and based apparently on the fact it was persuaded by respondent's argument concerning judicial notice, the trial court sustained the demurrer without leave to amend. The appeal is from the ensuing order of dismissal. For the reasons hereinafter set out, we reverse.

■ It is true, as respondent maintains, that in ruling on a demurrer the trial court may take into account in addition to the complaint itself any

matter that may be properly considered under the doctrine of judicial notice (see Code Civ. Proc., §§ 430.30, subd. (a), 430.70; *El Rancho Unified School Dist.* v. *National Education Assn.* (1983) 33 Cal.3d 946, 950, fn. 6 [192 Cal.Rptr. 123, 663 P.2d 893]; *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187]) and that the scope of Evidence Code section 452, subdivision (c), which provides that judicial notice may be taken of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state in the United States," includes judicial notice of official acts of a county. (See *Watson* v. *Los Altos School Dist.* (1957) 149 Cal.App.2d 768, 772-773 [308 P.2d 872]; *Pan Pacific Properties, Inc.* v. *County of Santa Cruz* (1978) 81 Cal.App.3d 244, 255, fn. 2 [146 Cal.Rptr. 428]; *Marino* v. *City of Los Angeles* (1973) 34 Cal.App.3d 461, 465 [110 Cal.Rptr. 45].)

■ It is equally true, however, that the taking of judicial notice of the official acts of a governmental entity does not in and of itself require acceptance of the truth of factual matters which might be deduced therefrom, since in many instances what is being noticed, and thereby established, is no more than the existence of such acts and not, without supporting evidence, what might factually be associated with or flow therefrom. (See *Childs* v. *State of California* (1983) 144 Cal.App.3d 155, 162-163 [192 Cal.Rptr. 526]; *Ramsden* v. *Western Union* (1977) 71 Cal.App.3d 873, 879 [138 Cal.Rptr. 426]. See also *People* v. *Long* (1970) 7 Cal.App.3d 586, 591 [86 Cal.Rptr. 590]; *Beckley* v. *Reclamation Board* (1962) 205 Cal.App.2d 734, 741-742 [23 Cal.Rptr. 428].) ■ Such being the case, and because "A demurrer is simply not the appropriate procedure for determining the truth of disputed facts," (*Ramsden, supra,* 71 Cal.App.3d at p. 879), judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed.

Here, assuming for purposes of argument that respondent's customary practice in respect of mailing notices of rejection constituted an official act, of which judicial notice might be taken (cf. *Childs* v. *State of California, supra,* 144 Cal.App.3d 155, 162), there was not incontrovertibly contained therein the fact that such practice had been followed in the present instance. On the contrary, it was the very dispute over that fact which occasioned the request for judicial notice of the practice. Accordingly, and because it was inappropriate at that stage of the proceedings to resolve the factual issue involved, it was error for the trial court to sustain respondent's demurrer.[1]

---

[1]The case of *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237 [173 Cal.Rptr. 345], relied upon by respondent as supporting its position herein, is distinguishable on the point it did not, insofar as the question before us is concerned, involve a demurrer. To the extent it may be urged it is nevertheless authority at odds with our disposition, differentiable in fact but not in principle, we respectfully decline to accept its reasoning.

Having so decided it remains for us to determine whether the error necessitates reversal as one prejudicial to appellant. (See Cal. Const., art. VI, § 13.) We believe so.

While it is the case that had the issue arisen on motion for summary judgment, and been resolved on no further presentation than that which was made by the parties, the trial court would have been justified in concluding as it (essentially) did, we cannot say from the record before us that the showing by appellant in such a context would have been so circumscribed as it was in opposing the demurrer, where the thrust of appellant's argument was to the effect judicial notice was improper, nor can we predict what further evidence might have been developed concerning the purported mailing and the participation of Ms. Eggan therein.

The order appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.

Compton, J., and Beach, J., concurred.