Filed 6/10/15  Foster v. Old Republic Title CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| IDA FOSTER,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>OLD REPUBLIC TITLE COMPANY,<br><br>          Defendant and Respondent. | A137270<br><br>(Solano County<br>Super. Ct. No. FCS039897) |

**INTRODUCTION**

More than four years after plaintiff Ida Foster lost her home to foreclosure, she sued the escrow company involved in the loan on the property, defendant Old Republic Title Company.  The trial court sustained Old Republic's demurrer without leave to amend on the ground that the complaint was time-barred and also failed to state facts sufficient to allege a cause of action.  Foster claims the trial court erred.  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ida Foster owned a home on Snapdragon Place in Benicia, California.  On December 22, 2006, she entered into a transaction to refinance the loan on the property.  The lender in that transaction was Novastar Mortgage, and the escrow company was Old Republic Title Company.  The refinancing transaction appears to have involved two separate loans:  one in the amount of $608,003, and a second in the amount of $152,001.

Foster lost her home on Snapdragon Place to foreclosure in May of 2008. The house was sold at auction on May 1, 2008, and a Trustee's Deed Upon Sale was recorded on May 9, 2008.[1]

On June 5, 2012, Foster filed a complaint against Old Republic, alleging three causes of action. Her first cause of action was for breach of contract. That cause of action was based on two documents that she alleged formed the contract on which her claim was based. The first document is entitled "General Closing Instructions." In these instructions, Novastar Mortgage Company instructs Old Republic to, among other things, provide the borrower with a Notice of Right to Cancel if the "transaction is subject to rescission." Foster alleged that the General Closing Instructions required Old Republic to provide such notice before the transaction closed. The second document is the first of two pages of a note dated December 22, 2006, in which Foster promises to pay $152,001 in principal plus interest to Novastar Mortgage, Inc. What appears to be Foster's signature and the date "12/22/06" are on the bottom of the page. The second page of the note is, however, missing.

Foster alleged that Old Republic breached the contract by "failing to provide the borrowers copy and notice right to cancel for the recission [sic]" before the loan transaction closed on December 29, 2006. She further alleged that the damages she sustained as a result were as follows: "property illegally foreclosed without the documents being in the possession of the borrower before closing and funding the transaction per the agreement."

Foster's second cause of action for common counts alleged that Old Republic became indebted to her because "Agreement was not performed as instructed in [the General Closing Instructions] from Novastar Mortgage to Old Republic Title Company.

---

[1] The trial court granted Old Republic's unopposed request for judicial notice of the Trustee's Deed Upon Sale for the Snapdragon Place home, recorded in Solano County on May 9, 2008.

[M]isleading facts prevented discovery of the guilty party . . . to cancel Lender request return of $760,000.00."

In her third cause of action, for fraud, Foster alleged that Old Republic misrepresented a material fact by informing her after she lost her home that "it is not the function of their company to insure the borrower's copy because it is not return to verify receipt by the borrower. . . . The agreement to this transaction was breached and no change of the action was sent to Novastar as requested in this agreement. This agreement is executed by Old Republic . . . ." She also alleged that Old Republic misled her by "saying it is the brokers or the illegal notary responsibility. Title company claim they issued the borrower's copy with no record of who picked-up the borrower's copy." She further alleged that Old Republic made a promise without intent to perform in that "[t]he agreement was made to appear that the borrower's documents were issued to borrower before closing by Old Republic. The company states that this was not even verified. The broker and . . . the notary violating the law in notarizing legal documents to enable the transaction and appear that the agreement was properly process as instructed."

Foster alleged that she relied on Old Republic's conduct and "acted based on false information. I was misinformed about the borrowers documents. I did not know what I was getting until I received the loan documents and all the information was in these documents. . . . I received this borrower's copy after the closing and I was told it was too late to cancel the transaction because everything was in order. I executed the cancellation with the Title Company, Novastar Mortgage and the broker before the three days had expired[.] The broker refuse to cancel. He instructed me not to cancel when he requested me to execute the documents with the agreement that he promised in this loan that was also breached." As a result of this conduct, Foster alleges that a lien was placed on her home, and then her home was foreclosed on.

The documents Foster attaches in support of her fraud cause of action are letters from Old Republic to her written on July 18, 2007, December 22, 2009, and July 18, 2011. The first letter indicated that Old Republic was providing Foster with copies of the loan and escrow documents related to the December 22, 2006, loan transaction, including

3

the General Closing Instructions.  The letter also indicated that Old Republic sent Foster "a complete copy of your signed loan documents at close of escrow."

The December 22, 2009, letter (only the first page of which is attached to the complaint), follows up on a telephone conversation between Foster and Old Republic in which Foster apparently requested Old Republic's assistance in appealing a legal action she brought against her mortgage broker and lender.  Old Republic states in that letter that it was "merely the escrow holder for your refinance transaction" and not responsible for any failure on the lender's part to comply with its statutory obligations to Foster.  Old Republic explained that generally when there is an "outside signing" as there apparently was in this case, it "provides two copies of documents to whoever picks up the documents."

Finally, in the July 18, 2011, letter, Old Republic responded to Foster's request for information about the "borrower's copy" of her closing documents from the December 2006 loan.  After confirming that Foster told Old Republic that "the closing took place at a Denny's Restaurant," Old Republic told Foster it would have provided two copies of the closing documents "to the person coordinating the outside signing," one of which was supposed to be left with Foster.  Old Republic also informed Foster that "an escrow holder is not obligated to police the affairs of the parties to the escrow. . . ."

Old Republic demurred to Foster's complaint on the ground that each of the causes of action was time-barred under the applicable statute of limitations and also failed to state facts sufficient to constitute a cause of action.  On November 2, 2012, the trial court issued a tentative ruling sustaining Old Republic's demurrer without leave to amend.  The tentative ruling was uncontested, and the trial court issued a final order sustaining the demurrer without leave to amend on November 29, 2012.  The trial court found that each cause of action was barred by the applicable statute of limitations and also failed to state facts sufficient to constitute a cause of action.[2]  On December 4, 2012,

_____

[2] The trial court's order stated, in pertinent part:

4

Foster filed a notice of appeal from the November 2 tentative ruling and then, after a judgment of dismissal was filed on December 13, 2012, filed an amended notice of appeal from that judgment.

## DISCUSSION

A.    *Standard of Review*

Our review of the trial court's order sustaining Old Republic's demurrer is de novo. (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.)  "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) And if a demurer is sustained because a complaint fails to comply with the statute of limitations, we review whether the complaint shows "on its face" that the action is time-barred. (*Childs v. State of California* (1983) 144 Cal.App.3d 155, 161.)  " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable

---

"**First Cause of Action:**  Barred by the applicable statute of limitations, four years.  Code of Civil Procedure Section 337(1).  Plaintiff has failed to allege facts, and cannot allege facts, showing she had a contract with Old Republic Title Company, or that she is a third party beneficiary.  [Citations.]

"**Second Cause of Action:**  Barred by the applicable statute of limitations, four years, CCP Sec. 337(2).  Plaintiff has not alleged any facts, and cannot allege facts, establishing a cause of action for common counts.  Plaintiff has not alleged facts that Old Republic has received money, or anything of value belonging to Plaintiff which should be repaid.  [Citation.]

"**Third Cause of Action:**  Barred by the applicable statute of limitations, three years.  CCP Sec. 338(d).  In the event any of the fraud claims are based on contract, then the third cause of action is barred by the applicable statute of limitations, four years.  CCP Sec. 337(3).  Plaintiff has not alleged facts and cannot allege facts establishing a cause of action for fraud and/or deceit.  [Citation.]  Deception, even if it exists, without loss is not actionable.  [Citation.]  An actionable representation must be an affirmation of fact, not an opinion.  [Citation.]  Fraud must be alleged with specificity, pleading facts which show how, when, where, to whom, and by what means the representations were tendered.  [Citations.]"

5

interpretation, reading it as a whole and its parts in their context. [Citation.]" (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)

We note that Foster appears before us in propria persona, and her briefs on appeal are largely incomprehensible. Foster's in propria persona status does not excuse this deficiency because an "in propria persona litigant is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) While we have attempted to understand Foster's contentions, we are "not required to search the record on [our] own seeking error." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

B.     *Foster's Causes of Action Are Time-Barred.*

Foster challenges the trial court's determination that the statute of limitations barred her three causes of action against Old Republic.

We begin with Foster's breach of contract cause of action, and agree with the trial court that it was barred by the statute of limitations. A breach of contract cause of action based on a written agreement is governed by a four-year statute of limitations. (Code Civ. Proc., § 337, subd. 1.) Ordinarily, a breach of contract cause of action accrues at the time of the alleged breach. (See *Ram's Gate Winery, LLC v. Roche* (2015) 235 Cal.App.4th 1071, ___ [185 Cal.Rptr.3d 935, 944]; 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 520, p. 664 ["A cause of action for breach of contract ordinarily accrues at the time of breach, and the statute begins to run at that time regardless whether any damage is apparent or whether the injured party is aware of his or her right to sue."].)

Here, Foster alleged that the General Closing Instructions from Novastar Mortgage to Old Republic were part of a contract that required Old Republic to give Foster notice of her right to rescind. Foster further alleged that Old Republic breached the contract by not providing Foster with a notice of her right to rescind before closing. The alleged breach thus occurred no later than December 29, 2006, which was the closing date of Foster's loan. This was approximately five-and-a-half years before Foster commenced this action on June 5, 2012—well beyond the four-year limitations period for breach of contract causes of action.

Foster does not appear to dispute that Old Republic breached its alleged contractual duties no later than December 29, 2006, but argues that the discovery rule should delay the accrual date of her breach of contract action and bring it within the limitations period. The discovery rule can delay the accrual date of a breach of contract cause of action for breaches that are "committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 832.) "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.)

Foster has not met her burden of showing that the discovery rule brings her breach of contract cause of action within the limitations period. Foster alleged that on July 18, 2007—almost five years before she commenced this action—Old Republic sent Foster a letter stating that Old Republic was providing her with the closing documents relating to the December 2006 loan. This letter notified Foster about the existence of the General Closing Instructions, which Foster alleged instructed Old Republic to provide Foster with notice of her right to rescind. Once Foster was made aware of the General Closing Instructions in July 2007, Old Republic's alleged obligation and failure to provide Foster with notice of her right to rescind could no longer be a "secret." (*April Enterprises, Inc. v. KTTV, supra*, 147 Cal.App.3d at p. 832; accord *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1234-1235 [breach of contract action alleging that TV network exploited plaintiffs idea for television show accrued when network broadcasted show with allegedly stolen idea]; *Perez-Encinas v. AmerUs Life Ins. Co.* (N.D. Cal. 2006) 468 F.Supp.2d 1127, 1135 [discovery rule inapplicable in contract action brought under California law against insurance company when terms of annuity policy were "well-known and available in written form to the parties involved"].) Accordingly, Foster's allegations establish that her breach of contract cause of action

7

could not have accrued later than July 2007, which is still well outside of the four-year limitations period.

Even an overly-generous application of the discovery rule does not save Foster's breach of contract cause of action. If we were to move the accrual date to May 9, 2008, when Foster lost her home to foreclosure, Foster's breach of contract cause of action would still be time-barred since she did not file her complaint until over four years later on June 5, 2012.

The trial court also correctly found that Foster's common count cause of action was time-barred. "A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." (4 Witkin, Cal. Procedure (5th ed. 2008) Pleadings, § 554, p. 682; see also *Interstate Group Administrators, Inc. v. Cravens, Dargan & Co.* (1985) 174 Cal.App.3d 700, 706 ["The common count is a general pleading which seeks recovery of money without specifying the nature of the claim."].) The statute of limitations for a common count action based on a written agreement is four years. (Code Civ. Proc., § 337, subd. 2.) Foster's complaint is not clear about how Old Republic became indebted to Foster or what services Foster furnished to Old Republic. Nevertheless, we do not see how any common count action could have accrued later than May 9, 2008, the date that Foster lost her home to foreclosure. This accrual date is outside of the four-year limitations period.

The trial court also correctly found that Foster's fraud cause of action was time-barred. The statute of limitations for a fraud cause of action is three years (Code Civ. Proc., § 338, subd. (d)) and four years if based on a written contract. (Code Civ. Proc., § 337, subd. 3.) An action based on fraud accrues on the date that a plaintiff discovers the facts constituting the fraud. (Code Civ. Proc., §§ 337, subd. 3; 338, subd. (d).) "[T]hat date is the date the complaining party learns, or at least is put on notice, that a representation was false." (*Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 35.)

Foster's fraud cause of action, like her other causes of action, appears to be based on Old Republic's alleged failure to provide Foster with notice of her right to rescind

before closing.  Foster was at least on notice of Old Republic's alleged failure to provide this notice in July 2007, when Old Republic sent Foster a letter informing her about the General Closing Instructions.  And Foster was certainly on notice of Old Republic's alleged fraud no later than May 9, 2008, the day she lost her home to foreclosure.  Even if we assume this later accrual date, and assume that the four-year statute of limitations for fraud applies, Foster's fraud cause of action is time-barred.

To the extent that Foster's fraud cause of action is based on representations Old Republic made in its December 2009 and July 2011 letters to Foster, the trial court correctly determined that Foster failed to allege sufficient facts to support her cause of action.  "An action for fraud or deceit . . . demands proof of damages caused by misrepresentations or concealment of information.  [Citations.]  'Fraudulent representations which work no damage cannot give rise to an action at law.' "  (*Williams v. Wraxall* (1995) 33 Cal.App.4th 120, 132, fn. omitted.)  Here, Foster appears to have alleged that Old Republic falsely represented in its December 2009 and July 2011 letters that it provided Foster with the General Closing Instructions before closing, and also that it was not responsible for ensuring that Foster received the General Closing Instructions.  However, the only damage alleged by Foster relates to the loss of her home in May 2008, which occurred before Old Republic made the allegedly false representations in the December 2009 and July 2011 letters.  Those letters could not have been the cause of Foster's alleged harm and cannot serve as a basis for her fraud cause of action.

In summary, we conclude that each of Foster's causes of action is time-barred.  We also conclude that Foster has failed to allege sufficient facts to sustain a fraud cause of action to the extent it was based on letters she received from Old Republic after she lost her home.  In light of this holding, we need not address whether the trial court also properly concluded that Foster failed to allege sufficient facts to support her breach of contract and common count causes of action against Old Republic.

C.      *The Trial Court Properly Sustained the Demurrer Without Leave to Amend.*

The trial court sustained Foster's demurer without leave to amend.  We agree that leave to amend should not have been given because Foster did not meet her burden of

9

showing a "reasonable possibility that [her complaint] can be cured by amendment." (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) Foster has not indicated to the trial court or to us that she could allege facts that would cure the defects in her complaint.

## DISPOSITION

The judgment of dismissal in favor of Old Republic is affirmed.

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Richman, J.