Filed 12/18/20; Certified for Publication 1/6/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NEW LIVABLE CALIFORNIA et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> ASSOCIATION OF BAY AREA GOVERNMENTS, <br><br> Defendant and Respondent. | A159235 <br><br> (City and County of San Francisco Super. Ct. No. CPF516690) |

Plaintiffs brought a complaint for declaratory and injunctive relief and a petition for writ of mandate (collectively, "pleading") for an alleged violation of the vote reporting requirement of the Ralph M. Brown Act ("Brown Act" or "Act"; Govt. Code §§ 54950 et seq. [1]) by the governing board of defendant Association of Bay Area Governments (ABAG). Defendant successfully demurred and a judgment of dismissal was entered. As the pleading contains

---

[1]     All further statutory references are to the Government Code unless otherwise specified.

sufficient factual allegations to withstand demurrer, we reverse the judgment of dismissal and remand for further proceedings.

We dismiss as abandoned plaintiffs' appeal from a post-judgment order striking their request for costs as appellate " 'review is limited to issues which have been adequately raised and briefed.' " (*Golightly v. Molina* (2014) 229 Cal.App.4th 1501, 1519.)

## FACTS

### A.  Background

Plaintiff New Livable California dba as Livable California ("Livable California") is a not for profit, public benefit corporation focused on land use, zoning, housing, and transportation issues; it is comprised of a statewide coalition of elected officials and community leaders.  Plaintiff Community Venture Partners, Inc. ("Community Venture Partners") is a not for profit, public benefit corporation whose mission is to promote and defend the principles of open government.

Defendant ABAG is a joint power authority of nine San Francisco Bay Area counties – Alameda, Contra Costa, Marin, Napa, Sonoma, San Mateo, San Francisco, Santa Clara, and Solano – as well as the 101 cities located therein.  (§ 66536.1, subd. (b).)  ABAG's objectives include (1) increasing the housing supply according to the region's needs; (2) maintaining and improving existing housing to better fill the region's needs; and (3) expanding and conserving housing opportunities for lower income individuals.  (*Napa Citizens for Honest Government v. Napa County Bd. of Supervisors* (2001) 91 Cal.App.4th 342, 376.)  ABAG's governing Board of Directors ("Board"), comprised of county supervisors, mayors, and city councilmembers, is subject to the Brown Act.

2

Plaintiffs contend the Board violated the Brown Act's vote reporting requirement (§54953, subd. (c)(2)) ("§54953(c)(2)")[2] during the January 17-18, 2019 meeting[3] convened to consider a motion to authorize the Board President to sign a regional housing and transportation development proposal known as the CASA Compact ("CASA Motion"). In relevant part, the Board:

(1) rejected a motion to postpone a vote ("Substitute Motion") on the CASA motion by "a show of hands," that was reported as a "voice vote" in the minutes of the meeting;

---

[2]     Section 54953(c)(2) reads: "The legislative body of a local agency shall publicly report any action taken and the vote or abstention on that action of each member present for the action." Section 54952.6 defines an "action taken" as "a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance."

Subdivision (c)(2) of section 54953 was added by Senate Bill No. 751 (Stats. 2013, ch. 257) effective January 1, 2014. At the time the amendment was proposed, the Brown Act already provided that for meetings conducted by teleconferencing local agencies' legislative bodies were required to report the votes of individual officers (§54953, subd. (b)(2) [votes to be conducted by "rollcall"]). (Sen. Gov. & Fin. Comm., Analysis of Sen. Bill No. 751 (2013-2014 Reg. Sess.), May 1, 2013, at p. 1.) The amendment required local agencies' legislative bodies to report individual officials' votes cast during opening meetings, enacted in apparent response to concerns that "for local agencies with large legislative bodies, it can be difficult to determine who voted for or against a measure when actions are taken in the absence of either a roll call vote or a specific tally and report of the votes of each member of the board. (*Ibid*.) "For example, the minutes of a May 17, 2012 meeting of the Association of Bay Area Governments report that a motion received 27 ayes and 5 nays, without listing the votes of individual members." (*Id*. at pp. 1-2.)

[3]     The meeting was video recorded and there was a simultaneous webcast of the meeting which is officially published online.

(2)  approved a motion to call the question (to close discussion on the CASA Motion) ("Motion to Call the Question") by "a show of hands," that was not reported in the minutes;

(3) adopted an amended CASA motion ("Amended CASA Motion") by a "roll call vote," that was reported in the minutes as a "vote" that listed the name and vote (for or against) of each member present with no abstentions and the names of absent members.[4]

## B.    Trial Court Proceedings

On May 31, 2019, plaintiffs filed a combined complaint and petition for writ of mandate alleging one cause of action based on the overarching claim that the Board violated section 54953(c)(2) in reporting the votes on the motions concerning the CASA Compact.  The pleading sought various declaratory, injunctive, and writ relief allowed under sections 54960 and 54960.1.

The pleading alleged, in pertinent part, that the vote procedures for the Substitute Motion and the Motion to Call the Question were not in compliance or substantial compliance with section 54953(c)(2) because there was neither a verbal nor written announcement "publicly" reporting the vote or abstention of each individual member.  Plaintiffs further alleged the improper vote reporting of the Substitute Motion rendered the later vote on the Amended CASA Motion null and void because if the Substitute Motion

---

[4]    On June 16, 2020, plaintiffs filed a request for judicial notice of the minutes of ABAG's January 17, 2019 executive meeting, the agenda for ABAG's March 21, 2019 executive meeting, the agenda for ABAG's May 16, 2019 executive meeting held at 5:30 p.m., the agenda for ABAG's May 16, 2019 executive meeting held at 7:00 p.m., and an excerpt from "Robert's Rules of Order Newly Revised (11th ed. 2011) p. 202."  In the absence of any opposition by ABAG, we grant plaintiffs' request for judicial notice and have considered the documents only to the extent necessary to resolve this appeal.

4

had been successful no vote would have been held on the Amended CASA motion.

Plaintiffs claimed prejudice by the Board's "failure to publicly report the votes or abstentions of each member present for the [Substitute Motion] and [its] subsequent adoption of the [Amended CASA Motion] that was supportive of the CASA Compact". According to plaintiffs, the "anonymous" and "secretive" voting undermined their ability and that of the public to monitor how members voted on "an important, controversial issue concerning regional housing policy". Livable California further alleged prejudice because its leadership preferred the Substitute Motion and opposed the Amended CASA Motion, but their representatives were unable to timely object to the vote taken on the Substitute Motion because the public comment period had ended. If the Substitute Motion had passed, then Livable California would have used the additional time to organize more opposition to the CASA Compact. Community Venture Partners alleged prejudice because ABAG's conduct "concealed information about regional planning and growth and reduced . . . [the] ability to hold elected officials accountable for their actions."

The trial court sustained ABAG's demurrer without leave to amend on the ground that plaintiff had not and could not allege facts sufficient to support any relief for a Brown Act violation.

## DISCUSSION

### A. Legal Framework

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded . . . or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052 (*Intengan*).) Where the demurrer is based on the

5

pleading not stating " 'facts sufficient to constitute a cause of action, the rule is that if, upon a consideration of all the facts stated, it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' [Citation.] In other words, 'plaintiff need only plead facts showing that he may be entitled to some relief (citation).' [Citation.] Furthermore, we are not concerned with plaintiff's possible inability or difficulty in proving the allegations of the complaint. [Citation.]" (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572.)

### B. Analysis

The pleading states causes of action under sections 54960 and 54960.1 for declaratory and injunctive relief and mandamus based on allegations that the Board violated the Brown Act (§ 54953(c)(2)) by the procedure it used to report the vote taken on the Substitute Motion. The trial court found the pleading was deficient for two reasons, both of which we find unavailing.

One, the trial court found no cause of action would lie based on the Board's report of the vote taken on the Substitute Motion because plaintiffs had not and could not allege facts demonstrating legally cognizable prejudice as a consequence of any alleged violation of section 54953(c)(2). However, a demurrer "tests only whether, as a matter of law, the properly pleaded facts in the complaint state a cause of action *under any legal theory*." (*Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 522 (*Olson*); italics added.) Thus, the pleading "satisfies the purpose of our inquiry on appeal following a demurrer" because a plaintiff does not have to allege

6

prejudice to state causes of action under sections 54960 and 54960.1 for declaratory and injunctive relief and mandamus. (*Olson*, *supra*, at p. 522 [prejudice allegation is not necessary to state a cause of action under section 54960.1]; see also *Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 887-888 [plaintiff seeking declaration of proper interpretation of environmental statutes "did not have to prove prejudice, substantial injury, and probability of a different result" before trial court could grant declaratory relief].) ABAG's citation to *Galbiso v. Orosi Public Utility Dist.* (2010) 182 Cal.App.4th 652 (*Galbiso*), on which the trial court also relied, is not persuasive as, unlike in *Galbiso*, plaintiffs' pleading contains factual allegations showing how the Board's reporting of the vote on the Substitute Motion violated section 54953(c)(2). Because we are concerned only with a demurrer, we do not address and express no opinion on the parties' contentions as to whether plaintiffs will be required to show prejudice before the trial court can declare any Board action null and void under section 54960.1.

Two, the trial court found no cause of action would lie because there was no live controversy between the parties. (*TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 150 (*TransparentGov Novato*) [pleading had to allege an "actual, non-moot controversy" in the context of the request for declaratory relief and mandamus].) The court reached this conclusion based on the judicially noticed (Code Civ. Proc., § 452, subd. (c)) "transcribed portion" of the May 16, 2019 meeting during which the ABAG Executive Board Vice-President stated:

> "First I want to reiterate the process for voting on actions at our Executive Board meetings where support for, or against, a given action is less than unanimous. Under those circumstances, the Clerk will conduct a roll-call vote to report the vote or abstention

7

of each member present, and to determine whether there are a sufficient number of votes to approve an action. So, I just want to let everyone know, I will ask to see if there is unanimous consent to a particular item; if not, we will proceed to roll-call vote on those items." [5]

Without allowing the parties an opportunity to present extrinsic evidence regarding the meaning of the public announcement, the trial court ruled the lawsuit moot as the announcement "neutralizes [the parties'] controversy moving forward and renders the request for mandate and declaratory relief superfluous." This it could not do. "A court ruling on a demurrer . . . cannot take judicial notice of the proper interpretation of a document submitted in support of the demurrer. [(*StorMedia, Inc. v. Superior Court* (1999) 20 Cal.4th 449, 457, fn. 9; *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374.)] In short, a court cannot by means of judicial notice convert a demurrer into an incomplete evidentiary hearing in which the demurring party can present documentary evidence and the opposing party is bound by what that evidence appears to show." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 114-115; see *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 605 ["[t]he hearing on demurrer may not be turned into a contested evidentiary hearing through the guise of having the court take

[5]      In opposing the demurrer plaintiffs objected to ABAG's request for judicial notice of the transcribed portion of the May 16, 2019 meeting. Even though plaintiffs' written objection did not use the phrase "inadmissible hearsay," it was sufficiently specific to preserve the issue for appellate review. On September 14, 2020 ABAG filed in this court an identical request for judicial notice of the transcribed portion of the May 16, 2019 meeting. Although the request was unnecessary because the transcription was already part of the record on appeal, we granted the request for judicial notice on September 16, 2020.

judicial notice of . . . material which was filed on behalf of the adverse party and which purports to contradict the allegations and contentions of the plaintiff"].)

We reject ABAG's argument that we can now determine, as a matter of law, that the case is moot based on its expressed concession in its response to plaintiffs' cease and desist letter (attached to complaint) that during the January 2019 meeting the reporting of votes on procedural motions was not Brown Act compliant, and its later public announcement "committing to take roll-call votes for all non-unanimous votes in the future." We see nothing in ABAG's cease and desist letter, even coupled with the public announcement, that would allow us to determine as a matter of law that there is no longer an actual controversy between the parties rendering the action moot.

The case law cited by ABAG concerning consideration of matters judicially noticed on demurrers is not to the contrary, and does not support an affirmance.[6] Nor is an affirmance supported by the cases cited by the trial court and ABAG in which the appellate courts either set aside a grant, or upheld the denial, of mandamus or declaratory relief on mootness grounds after a hearing or trial where the parties were permitted to submit evidence on the mootness issue. (See *TransparentGov Novato*, *supr*a, 34 Cal.App.5th

---

[6] For example, in those relevant cases considering demurrers, cited by ABAG, either there was no objection to the request for judicial notice of the document (*Intengan, supra*, 214 Cal.App.4th at p. 1055), or the appellate courts recognized that " '[w]hen judicial notice is taken of a document . . . the truthfulness and proper interpretation of the document are disputable.' " (*Trinity Park, L.P. v. City of Sunnyvale* (2011) 193 Cal.App.4th 1014, 1027], disapproved on other grounds in *Sterling Park, L.P. v. City of Palo Alto* (2013) 57 Cal.4th 1193, 1210; *Childs v. State of California* (1983) 144 Cal.App.3d 155, 162-163 [even if declaration describing mailing practices of the State Board of Control was an "official act" judicial notice could not be taken of the truth of the matter at issue].)

at pp. 146, 151, 152; *California High-Speed Rail Authority v. Superior Court* (2014) 228 Cal.App.4th 676, 693; *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 590-591.)

In light of the above, we conclude that the demurrer should have been overruled as plaintiffs' allegations directed at the reporting of the vote on the Substitute Motion state causes of action under sections 54960 and 54960.1 for declaratory and injunctive relief and mandamus. We need not and do not address plaintiffs' contentions that the pleading currently alleges or can be amended to state causes of actions under section 54960 and 54960.1 for declaratory and injunctive relief and mandamus based on challenges to the reporting of the votes taken on the Motion to Call the Question or the Amended CASA Motion.

## III. Conclusion

The pleading alleges facts stating causes of action under sections 54960 and 54960.1 sufficient to withstand demurrer. Accordingly, we reverse the judgment of dismissal and remand the matter for further proceedings. Given the procedural posture of the case, our opinion should not be read as deciding any other issues, including whether plaintiffs will be able to demonstrate their entitlement to relief in further proceedings.[7]

### DISPOSITION

Plaintiffs New Livable California dba Livable California and Community Venture Partners, Inc.'s appeal from a post-judgment order striking their request for costs is dismissed.

The judgment of dismissal is reversed. On remand the trial court shall vacate its order sustaining defendant Association of Bay Area Governments'

---

[7] We deny ABAG's motion to strike portions of the reply brief or, in the alternative, for leave to file a sur-reply brief as unnecessary to the resolution of this appeal.

10

demurrer without leave to amend and enter a new order overruling the demurrer.  Plaintiffs New Livable California dba Livable California and Community Venture Partners, Inc. are awarded costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Jackson, J.


*A159235/New Livable California v.  Association of Bay Area Governments*

Filed 1/6/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>NEW LIVABLE CALIFORNIA et al.,<br><br>  Plaintiffs and Appellants,<br><br>v.<br><br>ASSOCIATION OF BAY AREA GOVERNMENTS,<br><br>  Defendant and Respondent.</td><td>A159235<br><br>(City and County of San Francisco Super. Ct. No. CPF516690)</td></tr>
</table>

THE COURT:

  The opinion in the above-entitled matter, filed on December 18, 2020, was not certified for publication in the Official Reports.  For good cause, the request for publication is granted.

  Pursuant to rule 8.1105(c) of the California Rules of Court, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Date: _____    _____, P. J.

1

Trial Court:      San Francisco County Superior Court

Trial Judge:      Hon. Ethan Schulman

Counsel:    Hanson Bridgett, Adam w. Hofmann and David C. Casarrubias,
            for Defendant and Respondent.

            Paul Nicholas Boylan, for Plaintiffs and Appellants.